## THE CHICAGO CITY RAILWAY COMPANY

*v.*

## ORLIN B. MORSE.

*Opinion filed June 19, 1902.*

EVIDENCE—*what tends to support a verdict in an action for negligence.* Evidence that the street car upon which plaintiff was riding was greatly crowded, so that he was compelled to stand in the aisle; that the car came to a sudden stop, throwing the passengers forward who were standing, some of them being thrown violently against the plaintiff, who held to a strap to keep from falling; that at the time he felt a sharp pain in his right groin, and after leaving the car discovered that hernia had been developed there, tends to support a verdict in his favor against the company.

*Chicago City Railway Co.* v. *Morse,* 98 Ill. App. 662, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

JAMES C. MCSHANE, for appellee. ·

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case, begun in the superior court of Cook county by Orlin B. Morse, who is appellee here, to recover damages for personal injuries claimed to have been sustained by him while a passenger on one of the electric cars of appellant, the Chicago City Railway Company. The declaration charges that on January 24, 1899, appellee was a passenger on one of the cars of appellant; that the company failed and neglected to provide him with a seat and he was compelled to stand in the aisle; that while riding and standing in the aisle defendant negligently permitted said car to become greatly crowded and packed with additional passengers, and while in that condition the car was negligently and carelessly stopped so suddenly and violently that some of the passengers were thrown with great force and violence upon appellee, and in consequence thereof he sustained a serious and permanent inguinal hernia and other serious injuries, etc. To this declaration a plea of the general issue was filed and the case was tried before a jury. At the close of all the evidence an instruction was asked by the defendant to withdraw the case from the jury, which was denied. A verdict was rendered in favor of appellee for $2000 and judgment pronounced thereon, which, upon appeal to the Appellate Court for the First District, has been affirmed. The case is brought to this court upon further appeal.

Counsel for appellant contend, first, "that the verdict is not justified by the evidence." By this they must mean that there is no evidence in the record tending to support the finding and judgment, because, under the statute, the finding of the jury and judgment of affirmance in the Appellate Court have conclusively settled the weight of the evidence as to all controverted questions of fact. It cannot be said there is no evidence tending to support the allegations of the declaration. The evidence shows that the car upon which appellee was riding was greatly crowded, and he was compelled to stand in the aisle and hold to one of the straps suspended from the ceiling, provided for that purpose, and that on one occasion the car came to a sudden and violent stop, throwing the passengers forward who were standing, and some of them were violently thrown against him. He testified that in order to prevent his being thrown off his feet he held on to the strap and at the time felt a sharp pain in his right groin, and that after getting off the car and proceeding to the place of his employment he discovered that hernia had been developed. This evidence was corroborated, and clearly tends to support the declaration. The question was therefore one of fact, which was properly submitted to the jury.

It is further contended that the damages allowed are excessive. That likewise was a question of fact settled by the judgment of affirmance in the Appellate Court.

Counsel for appellee says this appeal appears to be prosecuted merely for delay, and therefore he asks for statutory damages. The question whether or not the case made by the evidence was one which should be submitted to the jury admits of enough doubt to justify an appeal without the appellant being held to incur the statutory penalty for damages.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*