(No. 11031.—Judgment affirmed.)
KATHERINE M. HEINEKE, Defendant in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error.

*Opinion filed June 21, 1917.*

1. NEGLIGENCE—*carrier may be negligent in failing to remove suitcase from aisle.* The duty of caring for a suitcase or traveling bag rests primarily upon the passenger to whom it belongs, but if such baggage left in the aisle of a street car is a sufficient obstruction to render the aisle unsafe, the company is negligent if it knows, or in the proper exercise of its duty should know, of the obstruction and fails to remove it; but the conditions imposing this duty on the company must be proved by the party seeking to recover.

2. SAME—*sudden jerking of street car may create presumption of negligence on part of carrier.* Where the operation of a street car is entirely within the control of the carrier's servants, proof of a sudden jerk of the car, whereby a passenger stumbles over a suitcase and is injured, is sufficient to create a presumption of negligence and to warrant submitting the case to the jury.

3. SAME—*when passenger is not guilty of contributory negligence.* A passenger on a street car, who, while carrying a child and walking down the aisle to find a seat, is thrown forward by the sudden jerking of the car, stumbles over a suitcase in the aisle and falls, is not guilty of contributory negligence in not seeing and avoiding the suitcase.

4. SAME—*a physician may testify whether the accident could cause the injury complained of.* A physician may testify, in answer to a hypothetical question, whether the conditions described could cause the injury complained of, and where there is no dispute as to the manner of the injury or the cause thereof, he may testify directly whether, in his opinion, the injury was or was not due to the accident.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

PHILIP ROSENTHAL, and FRANK L. KRIETE, (W. W. GURLEY, and J. R. GUILLIAMS, of counsel,) for plaintiff in error.

FREDERICK Z. MARX, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Katherine M. Heineke, recovered a judgment of $2500 in the circuit court of Cook county against plaintiff in error for personal injuries received by her while a passenger in one of its street railway cars in the city of Chicago. The negligence charged in the first count of the declaration is that plaintiff in error permitted the aisle of the car to be and remain obstructed with a traveling bag or suitcase, and the defendant in error, by reason thereof, stumbled against and fell over said traveling bag and was injured. The second count charged that the plaintiff in error carelessly and negligently operated the said car by causing it to suddenly start or to jerk forward while she was proceeding to her seat, and in consequence thereof, and in consequence of a traveling bag or suitcase obstructing the aisle, she tripped against the traveling bag or suitcase and fell violently to the floor and was injured. The third count charges that she was injured by the plaintiff in error's negligent operation of the car in causing it to suddenly jerk and start forward and thereby violently throwing her upon the floor. The Appellate Court for the First District affirmed the judgment of the circuit court, and plaintiff in error brings the cause to this court by *certiorari*.

Defendant in error, with two children and accompanied by her niece, Lydia Gross, on August 25, 1912, boarded

one of plaintiff in error's pay-as-you-enter cars at Halsted street, in the city of Chicago. The car had a center aisle, with side and cross-seats on either side. The conductor was stationed on the rear platform. At the time of the accident defendant in error was forty-two years of age and apparently in good health. She entered the car a short distance behind her niece, paid the fares and was carrying her seventeen-months-old baby in her arms. The evidence shows that as she was walking down the aisle to get a seat the car gave a quick and sudden jerk or made a quick and sudden stop and forward lurch that drove her a few steps forward and against a suitcase in the aisle and caused her to violently fall over and upon the same and on the floor of the car. The sudden jerk or lurch of the car complained of is shown by the evidence of Lydia Gross to have been sufficiently violent to drive her forward against the back of the seat of the car by which she was standing and to which she was holding and cause her to push the seat more than half way over. When defendant in error arrived at her destination the record shows she suffered pain and that night had to be helped home by her husband. She had to be assisted in getting down the steps and off the street car. She received some bruises on her limbs and body and when she arrived home she discovered a small swelling in her left groin. The next day she consulted her physician and the swelling in the groin was diagnosed as hernia. Two surgical operations for that ailment were afterwards necessary, and she was at the time of the trial still suffering from the injury and was not able to do her housework, as she was accustomed to do before the injury, and had to walk slightly stooped and at a slow gait.

Plaintiff in error's first contention is that no negligence on its part is proved. It introduced no evidence on the trial except two expert witnesses, two physicians, who testified as experts merely upon the questions touching the character of defendant in error's injuries and as to the probable

duration of the hernia. They were not eye-witnesses of the appearance and character of her injuries but merely gave their opinions as to their character and duration, based upon the testimony at the trial and in answer to hypothetical questions. In other words, plaintiff in error did not dispute or question the fact or the manner in which she was injured. It is insisted, however, that there is not sufficient evidence in this record, with all its reasonable intendments, that fairly tends to show the negligence charged. Most of the argument in this connection is based upon the theory that the existence of a suitcase or traveling bag in the aisle of a car does not raise the presumption of negligence on the part of plaintiff in error, and that the record contains no evidence that plaintiff in error knew, or had opportunity to know, that the suitcase was in the aisle. If the injury complained of had resulted solely from a fall over the obstruction in the aisle of the car the plaintiff in error's position would be tenable. The duty of caring for such baggage rests primarily upon the passenger to whom it belongs. If the suitcase or traveling bag in the aisle was a sufficient obstruction to render the aisle unsafe or did not furnish ample room for the ingress and egress of passengers, and the carrier knew or in the proper exercise of its duty might have known of the obstruction and failed and neglected to remove it, it would amount to negligence on the part of the carrier. Such conditions imposing the duty on the carrier must be proved by the party seeking to recover. (*Burns* v. *Pennsylvania Railroad Co.* (Pa.) 27 Ann. Cas. 811; *Kantmer* v. *Philadelphia Railroad Co.* (Pa.) 84 Atl. Rep. 774; *Lyons* v. *Boston Elevated Railroad Co.* (Mass.) 90 N. E. Rep. 419.) The jerk or sudden stop and lurch of the car is shown by the evidence in the record to have been the controlling and proximate cause of defendant in error's injury. The operation of the car was entirely within the control of plaintiff in error's servants, and a sudden jerk or lurch of the character disclosed by the evidence, being a cause within the control of

the carrier, causes to arise a presumption of negligence on the part of the carrier and was sufficient upon which to submit to the jury the question of negligence. *Chicago City Railway Co.* v. *Morse,* 197 Ill. 327; *West Chicago Street Railroad Co.* v. *Nash,* 166 id. 528.

It is also insisted that there is no proof in the record fairly tending to show that defendant in error, at the time she fell, was in the exercise of due care for her safety. This contention is based largely upon the fact that she did not see the suitcase in the aisle of the car before she fell. The suitcase was some distance in front of her at the time she was jerked forward by the car and she was carrying her child in her arms, which probably prevented her, to some extent, from seeing the suitcase. She could not be expected to anticipate the sudden jerk or lurch of the car, and the fact that she did not see the baggage in the aisle is not proof of contributory negligence on her part. She was boarding the car in the usual and customary way and plaintiff in error offered no evidence of contributory negligence. Being driven forward, as she was, by the force of the unexpected movement of the car, she could not be expected to control her movements, and according to her evidence the force of the car drove her against and over the suitcase. We cannot say, as a matter of law, that she was guilty of contributory negligence.

Dr. Kunz, defendant in error's attending physician, who performed the two operations on her for hernia, testified in her behalf. After detailing the condition in which he found her, from an examination shortly after the date on which she claimed to have fallen in the street car, the doctor was asked, "That condition you found there, have you an opinion as to whether that might have been caused by an accident or otherwise?" After answering that he had, these questions and answers followed:

Q. "What is that opinion?

A. "I think it was due to a certain strain or accident or fall.

Q. "You say a sudden strain or fall. By fall you include a strain, I take it. Is that what you mean? What do you mean by sudden strain or fall?

A. "You can strain yourself without falling, or you can fall and strain yourself.

Q. "Have you an opinion whether falling in a street car over a suitcase, due to a sudden jerking of the car, could produce a hernia such as you found?

A. "It could produce a hernia."

Objections to all this testimony were made by plaintiff in error and overruled. It is contended that the witness was permitted to invade the province of the jury and give his opinion on an ultimate fact in the case. This is a misapprehension of plaintiff in error's counsel. There was no dispute as to the manner of the injury or the cause thereof. It would not, therefore, have been error for the witness to have testified directly that the hernia was or was not caused by the fall in question. (*Schlauder* v. *Chicago and Southern Traction Co.* 253 Ill. 154; *City of Chicago* v. *Didier,* 227 id. 571.) Dr. Kunz did not give his opinion as to whether falling in a street car over a suitcase, due to a sudden jerking of a car, did produce a hernia, but testified that such a fall could produce a hernia. This testimony is well within the rule announced in *Fellows-Kimbrough* v. *Chicago City Railway Co.* 272 Ill. 71, where this court said: "A physician may be asked whether the facts stated in a hypothetical question are sufficient, from a medical or surgical point of view, to cause and bring about a certain condition or malady, or he may be asked whether or not a given condition or malady of a person may or could result from and be caused by the facts stated in the hypothetical question."

The remarks of the court objected to by plaintiff in error do not appear to have been prejudicial. Plaintiff in

error's counsel repeated many times the same question to defendant in error while she was testifying, even after the court had asked counsel not to do so. The court was fully warranted in insisting that the counsel desist from such a repetition. He also made a very lengthy examination as to the previous condition of her womb and as to whether or not the walls thereof were torn, etc., and finally the witness began crying on the witness stand. He then objected vigorously to such an exhibition on the witness stand, and the court said to him that he had apparently caused it. The remarks of the court were improper in that particular. Counsel for defendant in error went outside the record in his argument to the jury in regard to expert testimony and as to how much it amounted to and referred to Thaw's case. The court, on objection, promptly sustained the objection and corrected counsel for referring to a matter not in evidence. A careful study of these matters convinces us that plaintiff in error was not prejudiced either by remarks of court or counsel.

Complaint is made by plaintiff in error of the court's refusal to give certain instructions asked by it. The court fully instructed the jury as to the law applicable to the case. Some of the instructions offered by plaintiff in error were mere abstract propositions of law and were properly refused by the court. Its instruction No. 2, cautioning the jury against permitting sympathy from influencing their verdict, stated the law correctly, but the substance of that instruction, so far as material to the case, was covered by other instructions in the case. The same is true of other instructions complained of by plaintiff in error.

We find no reversible error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*