(No. 13201.—Reversed and remanded.)
## LOUISE DAVIS, Appellee, *vs.* THE SOUTH SIDE ELEVATED RAILROAD COMPANY, Appellant.

*Opinion filed April 21, 1920.*

1. NEGLIGENCE—*only ordinary care is required of carrier in the maintenance of station buildings and appurtenances.* The rule requiring the highest degree of care on the part of railroad companies for the protection of passengers applies only to the operation of trains and immediate incidents of transportation, and as to station buildings and other appurtenances the carrier is required to exercise only ordinary care to keep them in a reasonably safe condition for use.

2. SAME—*degree of care required of carrier should be commensurate with the danger involved.* The degree of care owed by a carrier to its passengers is lessened to the extent of the lessening of the danger involved.

3. SAME—*when elevated railroad company is not liable for injury to passenger on stairway leading from station.* An elevated railroad company is not liable for an injury to a passenger who slipped on a banana skin and fell on the stairway leading from the elevated station to the street, where the evidence does not show that the company had notice that the skin was on the stairway or that it had been permitted to be upon the stairway for a sufficient time to imply notice.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

WILLIAM A. MORROW, and CARROLL H. JONES, (ADDISON L. GARDNER, of counsel,) for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed a statement of claim of the first class in the municipal court of Chicago against appellant for damages alleged to have been sustained through an accident from falling on the stairway leading from an elevated railway station in Chicago after leaving the train the evening of

July 12, 1916. On the trial in the municipal court a judgment for damages of $100 and costs was rendered. On appeal to the Appellate Court this judgment was affirmed. That court granted a certificate of importance, and the case has been brought here by appeal.

The testimony in the record shows that appellee and her husband were returning from a visit to his mother's home in another part of the city on appellant's elevated railroad and had left the cars and passed through the Thirty-fifth street station and reached the first landing on the stairs going to the street when she slipped on a banana skin and fell, striking her head and back. She had to be assisted in getting up and to her home and was confined to her bed for a time. There is considerable testimony in the record as to the nature and extent of the injury which we do not think it necessary to refer to at length, in view of the conclusion that we have reached as to the legal questions involved.

The principal contention here is as to the correctness of an instruction given by the trial court in defining the care required of appellant in the maintenance and supervision of its stairway and landing. The instruction in question stated that "in the management and operation of elevated trains and the management and maintenance of the platforms and steps and landings leading to and from said trains for the use of passengers, it is the duty of common carriers to exercise the highest degree of care, skill and diligence for the safety of their passengers consistent with the mode of conveyance adopted and its practical operation."

We have not been favored with a brief and argument on behalf of appellee.

Counsel for appellant contend that as to station grounds, platforms and stairways leading to and from the stations only ordinary care is required on the part of appellant, and that the evidence in this case is insufficient, under proper rules of law, to sustain the verdict. Counsel for appellant

concede that in the operation of its trains and the immediate incidents of passenger transportation the highest degree of care is required, but contend that the same degree is not required as to its station platforms and the approaches to and from said stations; that the only degree of care required as to these latter places is the degree of care that would be required, under the law, from the owner of an ordinary business house or concern with reference to its building and premises.

This precise question does not seem to have been definitely decided by this court. It has, however, been frequently discussed by text writers and decided definitely in other jurisdictions. The decisions are not all in harmony, though the weight of authority seems to be that as to station buildings and other appurtenances only ordinary or reasonable care is required. In *Knight* v. *Portland, S. & P. R. R. Co.* 56 Me. 234, *Fremont, E. & M. V. R. R. Co.* v. *Hagblad,* 72 Neb. 773, and *Brackett* v. *Southern Railway Co.* 88 S. C. 447, the courts stated that the highest degree of care is required on the part of a railroad company as to its station grounds, while *Kelly* v. *Manhattan Railway Co.* 112 N. Y. 443, *Pennsylvania Co.* v. *Marion,* 104 Ind. 239, *Moreland* v. *Boston and Providence Railroad Co.* 141 Mass. 31, *Christie* v. *Chicago, Milwaukee and St. Paul Railway Co.* 61 Minn. 161, *Falls* v. *San Francisco and Northern Pacific Railroad Co.* 97 Cal. 114, *McCormick* v. *D., G. H. & M. Ry. Co.* 141 Mich. 17, *Hiatt* v. *D. M., N. & W. Ry. Co.* 96 Iowa, 169, and *Chicago, Rock Island and Pacific Railway Co.* v. *Owens,* 118 Ark. 467, all hold that as to stations and other appurtenances only ordinary or reasonable care is required on the part of the owners.

"The duty respecting the construction and maintenance of station buildings is not so rigorous as that imposed upon railroad carriers in relation to road-beds, tracks, cars, appliances and the like. Some of the cases seem to lose sight of the difference between the duty respecting station build-

ings and that respecting means and modes of conveyance, but the well-reasoned cases recognize the distinction and affirm that a railroad company that exercises ordinary care in constructing and maintaining station buildings and appurtenances in a reasonably safe condition for use is not guilty of negligence. There is really no valid reason why a railroad company should be held to a higher degree of care in maintaining its station buildings than that to which an individual owner of buildings used for ordinary business purposes is held. The reasoning of the cases which laid the foundation for the strict American doctrine as to the degree of care required of carriers using steam as a motive power cannot, it is obvious, have any application to buildings and structures prepared for the use of travelers." (4 Elliott on Railroads,—2d ed.—sec. 1590.) See to the same effect, 3 Thompson on Negligence, (ed. of 1902,) sec. 2748; 2 Hutchinson on Carriers, (3d ed.) sec. 941; 6 Cyc. 605; 10 Corpus Juris, sec. 1341, and cases there cited. The rule is frequently laid down that the degree of care owed to the passenger is justly lessened to the extent of the lessening of the danger involved; that the care required should be commensurate with the danger involved. (*Taylor* v. *Pennsylvania Railroad Co.* 50 Fed. 755.) A lengthy review of the authorities is found in a note to *St. Louis, Iron Mountain and Southern Railway Co.* v. *Woods,* 33 L. R. A. (N. S.) (Ark.) 855, and *Johns* v. *Charlotte, C. & A. R. R. Co.* 20 L. R. A. (S. C.) 520. "The degree of care is not fixed solely by the relation of carriers and passengers. It is measured by the consequences which may follow the want of care. A railroad company is held to the highest degree of care in respect to the condition and management of its engines and cars, because negligence in that respect involves extreme peril to passengers, against which they cannot protect themselves. It would not act reasonably if it did not exercise greater care in equipping and running its trains than in regard to the

condition of its station grounds." *Moreland* v. *Boston and Providence Railroad Co. supra,* p. 33.

This court has had occasion several times to rule on kindred questions. In *Toledo, Wabash and Western Railway Co.* v. *Grush,* 67 Ill. 262, the court had under consideration a case where a passenger had been injured by a defect in the floor in the platform of the company which had existed for nearly two years before the accident, and the court said (p. 264) : "The obligation of care on the part of a railroad company extends to all the accessories of its business, among which are stations or depots. These must be constructed and arranged with care, properly lighted when dark and otherwise made safe and convenient for persons lawfully entering therein for the transaction of business. But in these as in other matters the company is only bound to use ordinary care, except in favor of passengers.— Shearman & Redfield on Negligence, sec. 447." This statement of the court in that case, which was based on the rule as laid down by Shearman & Redfield on Negligence in the edition of that work then published, it is urged, justified the conclusion that the court held that more than ordinary care was required in such cases in favor of passengers. Expressions may be found in *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 Ill. 40, *Pennsylvania Co.* v. *McCaffrey,* 173 id. 169, *Chicago and Eastern Illinois Railroad Co.* v. *Jennings,* 190 id. 478, and *Lake Street Elevated Railroad Co.* v. *Burgess,* 200 id. 628, which tend to support the same conclusion, but counsel for appellant argue that the facts in all of these cases were so very different from those in this case that they cannot be said to uphold the doctrine laid down by the instruction in question, that the care required of appellant for its station and stairways and approach to the station is the highest degree of care. It is true, as contended by counsel for appellant, that the recent edition of Shearman & Redfield on Negligence clearly does not uphold the doctrine as stated in the earlier edition. In

volume 2 of that work (6th ed. sec. 501,) it is stated: "The doctrine maintained by the greater number of cases and in most jurisdictions is that only reasonable or ordinary care is owing by the carrier to those using depots, station grounds, platforms and approaches when proposing to take passage and in waiting for trains or leaving them or when using stational facilities for their reasonable convenience and accommodation, whether at the beginning or end of the journey or at intermediate points. The duty owing to passengers in the use of stational facilities is often stated in absolute terms, as, 'it is the duty of a carrier to provide reasonably safe depots, platforms and approaches for the use of passengers,' but in the same opinion or elsewhere by the same court it will generally, but not invariably, appear that by this term, though absolute in form, only ordinary care, as distinguished from the highest care, is intended." (See authorities there cited.) This court also, on the reasoning in *Chicago and Alton Railroad Co.* v. *Wilson*, 63 Ill. 167, and *Illinois Central Railroad Co.* v. *Keegan*, 210 id. 150, seems to assume that the rule of law contended for by appellant is the correct one. In *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal, supra,* where a stockman was riding on a pass on a freight train and was injured while in the act of descending from the train, and in *Pennsylvania Co.* v. *McCaffrey, supra,* where a passenger was injured in alighting from a train at its destination, and in *Chicago and Eastern Illinois Railroad Co.* v. *Jennings, supra,* where it was held a passenger does not have to be actually on the train to be a passenger, also in *Lake Street Elevated Railroad Co.* v. *Burgess, supra,* where there was a similar holding,—in all these cases it is clear that the accidents happened in boarding or alighting from trains or in the course of their moving, and the reason for the highest degree of care in those cases was fully as great as if the passenger were on the moving train, but it is clear by the great weight of authority,—by the text writers and

decisions in other jurisdictions,—that the same degree of care is not required as to the stations and approaches to and from them, because the danger incurred in such surroundings is not the same as it is on moving trains. In *Chicago Terminal Transfer Railroad Co.* v. *Schmelling,* 197 Ill. 619, where the railroad company had not provided a platform at the regular stopping place, the court said (p. 627): "It was the duty of the plaintiff in error to provide a safe means of access to and from its station at Twenty-sixth street for the use of its passengers, and the defendant in error had a right to assume that the place adopted for discharging its passengers at that point was safe.".

There is reason and authority in support of the argument of counsel for the appellant that the same distinction should be made in the care required of a railroad when acting strictly as a carrier and the care required as to its station, depots and appurtenances as is made as to an ordinary business house with reference to the care in running its elevators and the care of floors and stairways and other parts of its premises. This court has held that a business house in the operation of its elevators is held to the same degree of care as any other carrier, (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222; *O'Callaghan* v. *Dellwood Park Co.* 242 id. 336, and cases cited;) but that in the maintenance and supervision of stairways on its premises a business house is only held to the exercise of reasonable and ordinary care. (*Pauckner* v. *Wakem,* 231 Ill. 276. See, also, *Kaufman Department Stores* v. *Cranston,* 258 Fed. 917.) Anything that has been said in any former decision of this court which might be thought to support the contrary conclusion is hereby overruled.

The court erred in giving the instruction as to degree of care required by appellant as to the stairway in question.

Counsel for appellant further argue that the trial court, on the evidence in the record, should have given a per-

emptory instruction at the close of the case, as requested
by the defendant, to find the defendant not guilty; that
the trial court gave an instruction to the effect that "proof
that plaintiff fell on the stairway or stairway landing of
defendant's station on account of the presence on the said
stairway or stairway landing of a banana skin does not
raise the presumption that the defendant was negligent,"
and that there was no evidence except a presumption so
raised that justified finding appellant guilty of negligence,
and that such finding was entirely in conflict with the rule
of law in said instruction; that negligence cannot· be predi-
cated on the single fact that the banana skin was there at
the time of the accident. In *Goddard* v. *Boston and Maine
Railroad Co.* 179 Mass. 52, plaintiff sued for and recov-
ered damages on account of such a fall at the railroad com-
pany's station at Boston. The evidence showed that the
plaintiff was a passenger who had just alighted from the
train and had gone a short distance from the car when
he slipped on a banana skin and fell. The opinion says:
"The banana skin upon which plaintiff stepped and which
caused him to slip may have been dropped within a minute
by one of the persons who was leaving the train. It is
unnecessary to go further to decide the case," and the court
held the railroad not liable for the accident. *DeVelin* v.
*Swanson,* 72 Atl. (R. I.) 388, was a case where it was
held that the storekeeper was not liable for injuries to the
plaintiff by slipping on a banana peel in his store, in the
absence of evidence that defendant had notice that the peel
was on the floor or that it had been there long enough to
constitute implied notice, and that under those circumstances
the trial court rightly directed a verdict for the defend-
ant. To the same effect is *Benson* v. *Manhattan Railway
Co.* 31 Misc. 723. (See, also, 10 Corpus Juris, sec. 1342.)
The reasoning of this court in *Heineke* v. *Chicago Rail-
ways Co.* 279 Ill. 210, tends to support the same conclu-
sion. On this record we think the instruction should have

292 – 25

been given directing a verdict for appellant. If it had been shown that the banana skin had been permitted to be upon the stairway for a sufficient time that notice might be implied or actual knowledge were shown, that might have justified a verdict against the company under the rule requiring the exercise of ordinary care, but such actual or implied notice was not shown on this record.

The judgments of the municipal court and Appellate Court will be reversed and the cause remanded to the municipal court.                     *Reversed and remanded.*