Marjorie Kaldunski, Appellant, v. Chicago City Railway Company et al., Appellees.

Gen. No. 32,791.

476

Opinion filed December 19, 1928.

JOHN E. McCOY, for appellant; HERBERT BEBB, of counsel.

BROWN, FOX & BLUMBERG, for appellees; JOHN R. GUILLIAMS, CHARLES LEROY BROWN, FRANK L. KRIETE and JOHN E. KEHOE, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The declaration filed in this cause charges in the first count that the plaintiff Marjorie Kaldunski had boarded the car of the defendant companies and was in the act of walking to a seat and that it was the duty of the defendants to operate their cars in a proper manner, but that the defendants so carelessly and negligently operated said car that plaintiff's feet were knocked from under her and that she thereby fell and sustained severe injuries.

The second count charges that it became the duty of the defendants to keep their passageway in said car free from ice and snow, but failed so to do and, by reason of said slippery passageway, plaintiff was caused to slip and fall and was injured.

The third count charges that the defendant companies, in operating said car, caused it suddenly to start with a jerk and, by reason thereof, plaintiff was thrown and greatly injured.

The trial was had before a jury and, at the end of the plaintiff's case, the jury was instructed to bring in a verdict in favor of the defendants. A motion for a new trial was overruled and this appeal prayed and allowed.

The facts in the case are meager, but it appears that the plaintiff boarded a westbound Center Street car on or about January 7, 1927, and paid her fare and was given a transfer and that she then walked into the car and fell in the aisle and was rendered unconscious and did not remember anything until she woke up in the hospital.

Ellen Neary, a witness called on behalf of the plaintiff, testified that she entered the car in question ahead of the plaintiff and that the aisle was slippery and that as she, the witness, was about to take her seat, the plaintiff slipped and fell backward. She testified further that it was a car that was entered from the front and that there was a motorman, but no conductor; that it was a very wet day, slippery and icy; that the car made an awful jerk. Her own language appears to be as follows: "The car made an awful jerk; that is how it went when she fell." She testified further that there was quite a bit of snow and that the people going into the car were carrying the slop and snow into the car with them.

It is urged on behalf of the defendants that the court properly instructed the jury to return a verdict in favor of the defendants, on the ground that no presumption of negligence arises from proof that the car moved with a jerk; that the words, "jerk" or "lurch," have no tendency to prove, in and of themselves, that the car was negligently operated. In this regard it is well to keep in mind that this case is not before us on a question of the weight of the evidence. The only question for our consideration as raised by the record is as to whether or not there is some evidence to support plaintiff's cause of action. The rule is well settled

that if there is any evidence tending to support plaintiff's declaration it should be submitted to a jury. No matter what the rule may be in other jurisdictions, it is fairly well settled in this State that where there is an unusual or extraordinary lurch or jerk of the car upon which a person is riding as a passenger and, by reason thereof, a person is thrown down, that it becomes a question of fact for the jury as to whether or not the accident was caused by the negligent operation of the car or train. It is also well settled that those persons in charge of and operating a train or street car owe an obligation or duty to a passenger to exercise the highest degree of care consistent with the practical operation of the road.

This court in the case of *Chicago City Ry. Co. v. Morse,* 98 Ill. App. 662, wherein from the testimony it appeared that when the street car stopped to let a passenger off, it was accompanied by a violent jerk, had occasion to discuss the case of *Byron v. Lynn & B. R. Co.,* 177 Mass. 303, cited by counsel, and distinguished that case from the case then under consideration. This case was affirmed by the Supreme Court in the case of *Chicago City Ry. Co. v. Morse,* 197 Ill. 327.

This court again had occasion to consider the question in the case of *Jones v. Chicago City Ry. Co.,* 147 Ill. App. 640, in which it appeared from the testimony that the car gave a sudden lurch and that the plaintiff was thrown from the car to the street. The court in this case cited the case of *Chicago City Ry. Co. v. Morse,* 98 Ill. App. 662, and held that a judgment for the plaintiff could be sustained where his right of action was based on the theory that he was injured by the violent jerking or lurching of an electric street car, upon which he was a passenger. The case of *Heineke v. Chicago Rys. Co.,* 279 Ill. 210, supports the proposition that evidence of the character involved in this case

was sufficient evidence for the consideration of the jury. The court in its statement of fact, contained in its opinion, says:

"The evidence shows that as she was walking down the aisle to get a seat the car gave a quick and sudden jerk or made a quick and sudden stop and forward lurch that drove her a few steps forward and against a suitcase in the aisle and caused her to violently fall over and upon the same and on the floor of the car. * * * The jerk or sudden stop and lurch of the car is shown by the evidence in the record to have been the controlling and proximate cause of defendant in error's injury. The operation of the car was entirely within the control of plaintiff in error's servants, and a sudden jerk or lurch of the character disclosed by the evidence, being a cause within the control of the carrier, causes to arise a presumption of negligence on the part of the carrier and was sufficient upon which to submit to the jury the question of negligence. *Chicago City Railway Co. v. Morse,* 197 Ill. 327; *West Chicago Street Railroad Co. v. Nash,* 166 id. 528."

It is also urged on behalf of defendants, in support of the directed verdict, that the fact that there was slop and snow in the car was not accompanied by evidence proving that the defendants had notice of the condition of the aisle nor that it had existed a sufficient length of time so that the defendants by the exercise of ordinary care should have known of the condition. In support of this contention, counsel for the defendants cite several cases including the case of *Davis v. South Side El. R. Co.,* 292 Ill. 378. This last case cited by counsel, as well as many of the others, appears to have been in reference to stations, platforms and depot grounds.

It is clearly set out, however, in the case just referred to, that a different degree of responsibility is

cast upon the carrier as to its maintenance of station buildings and approaches than is the case of accidents occurring upon railroad trains or street cars where the accident is caused by reason of the condition or operation of the conveyance. In other words, while the carrier is only required to exercise reasonable diligence in and about the approaches to trains, it is under the responsibility to exercise the highest degree of care consistent with the practical operation of trains or cars as to a passenger upon the same. It may be that if the accident had resulted solely from the slippery condition of the aisle, defendants' position would be tenable, namely, that it was necessary to show that the defendants knew or had an opportunity to know of the condition. The testimony, however, was competent in connection with the accident itself. The sudden jerk of the car, coupled with the slippery condition of the aisle, was evidence sufficient under the circumstances to require its submission to the jury on the question as to whether the defendants were negligent in the operation of the car.

It is urged also that the declaration charged that the plaintiff was thrown to and upon the ground, whereas, the plaintiff was thrown to and upon the floor of the car, and that this constitutes a variance. With this contention we cannot agree. The declaration charges that the plaintiff had entered the car and had paid her fare and had become a passenger and was proceeding down the aisle of the car, when she was caused to fall. We do not see how the plaintiff could be misled by the allegation that she was thrown upon the ground. The declaration certainly was subject to amendment in that regard either before or after verdict, and we do not believe it constitutes such a variance as would authorize a court to direct a verdict. The declaration appears to have been carelessly drawn and prepared and the testimony meager, but,

under the rule, the case should be submitted to a jury, if there is any evidence to support plaintiff's contention. This court has nothing to do with the weight or preponderance of the evidence under such circumstances. *Donnelly v. Chicago City R. Co.*, 235 Ill. 35.

We are of the opinion that, for the reasons stated, the judgment of the superior court should be and the same hereby is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

HOLDOM, P. J., and RYNER, J., concur.