Velma Darda, Plaintiff-Appellee, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellant.

Gen. No. 52,359.

First District, Third Division.

October 3, 1968.

George J. Schaller, O. R. Hamlink, Jerome F. Dixon, and Harry I. Parsons, of Chicago, for appellant.

Cooney and Stenn, of Chicago (Richard E. Neville, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal by the defendant from a judgment in favor of the plaintiff in an action for damages for personal injuries based upon the alleged negligence of the defendant. The jury awarded a verdict of $3,800 whereupon the defendant moved for a judgment notwithstanding the verdict, or alternatively, for a new trial. The motions were denied and judgment was entered on the verdict.

On October 31, 1960, the plaintiff boarded a bus which transported her to the Chicago Transit Authority's El station at 63rd Street and Loomis Avenue in Chicago. She gave her transfer to the ticket agent at the station and then went up to the platform. The platform was congested with the morning rush-hour commuters. The

plaintiff testified that it was raining heavily and had been raining for some time. As a train approached, the plaintiff moved toward it; and, while looking through the windows into the train to see if she could find a seat, she travelled a few yards and fell to the platform. The plaintiff testified that there were "messy looking" and "trampled" leaves on the platform in addition to scattered puddles. When she picked herself up the plaintiff noticed a "slimy" substance adhering to her shoes and she felt something "slick" on her hand. The plaintiff remained on the platform for a very short time and then proceeded to board the train.

The plaintiff offered one witness who testified that she was sitting inside the train when she saw the plaintiff fall and that the platform was wet. Upon arriving at her place of employment, the plaintiff began to feel pain and was treated by her own doctor later that day. She sustained injuries to her left arm and left hip, and she remained in the hospital for five days and was thereafter treated by her family doctor for a period of ten weeks. The present appeal does not present an issue with respect to the existence or extent of the plaintiff's injuries or resultant damage.

The defendant made no attempt to refute any of the aforementioned testimony. At the close of the plaintiff's case, the defendant moved for a directed verdict in its favor which was denied. An instruction was given to the jury without objection that the defendant was under a duty of the "highest degree of care."

The defendant argues that the trial court erred in denying its motion for judgment notwithstanding the verdict because (1) the defendant owed only the duty of ordinary care to this plaintiff, and (2) the plaintiff offered no evidence tending to show that the defendant had either actual knowledge or constructive notice of the allegedly slippery substance on the platform. In short, the

defendant argues, the plaintiff's proof presented no factual question of notice, either actual or constructive, for the jury's consideration and has thus failed to prove an essential element of her cause of action.

The case of Davis v. South Side El. R. Co., 292 Ill 378, 127 NE 66, is controlling. In that case, the plaintiff had disembarked from an elevated train and had reached the first landing on the stairs when she slipped on a banana skin and fell, thereby sustaining injury. The trial court entered judgment for the plaintiff and the Appellate Court affirmed. The Supreme Court reversed and held, firstly, that the court's instruction on the "highest degree of care" was erroneous and that the defendant owed only ordinary and reasonable care. On pages 380–381, the court approvingly quoted the following language:

> "Some of the cases seem to lose sight of the difference between the duty respecting station buildings and that respecting means and modes of conveyance, but the well-reasoned cases recognize the distinction and affirm that a railroad company that exercises ordinary care in constructing and maintaining station buildings and appurtenances in a reasonably safe condition for use is not guilty of negligence. There is really no valid reason why a railroad company should be held to a higher degree of care in maintaining its station buildings than that to which an individual owner of buildings used for ordinary business purposes is held. . . ."

The Davis court went on further to hold that a directed verdict should have been granted for the defendant:

> "If it had been shown that the banana skin had been permitted to be upon the stairway for a sufficient time that notice might be implied or actual knowledge were shown, that might have justified a verdict

against the company under the rule requiring the exercise of ordinary care, but such actual or implied notice was not shown on this record." (Page 386.)

The principles announced in the Davis case have been consistently followed in this state. (See: Antibus v. W. T. Grant Co., 297 Ill App 363, 17 NE2d 610; Schmelzel v. Kroger Grocery & Baking Co., 342 Ill App 501, 96 NE2d 885; Wroblewski v. Hillman's, Inc., 43 Ill App2d 246, 193 NE2d 470; Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 173 NE2d 443.)

In light of the aforementioned authority, this court concludes that the defendant was required to exercise only ordinary care to the plaintiff in this case and that the defendant's liability is dependent upon an offering of some evidence which can allow a jury to infer constructive notice or to find actual knowledge. It is this court's opinion that the plaintiff has failed to provide the jury with any such evidence.

The record presented to us in the instant case is barren of any testimony as to how long leaves had been on the platform or as to how long this "slimy" condition had been present. The plaintiff's fall could have been caused by a leaf or by an accumulation of wet leaves which had fallen to the platform within a matter of a few minutes prior to the accident. Indeed, there is no evidence that the plaintiff, in fact, slipped on a wet leaf or a composite of water and leaves. Moreover, there is no evidence tending to show the composition of this substance which adhered to the plaintiff's shoes and hand after her fall. There was no evidence that the defendant possessed actual knowledge of the alleged hazardous condition. It should be emphasized that we are not here confronted with a case involving the troublesome problem of weighing conflicting evidence since there simply was no evidence

adduced at trial which reasonably attempted to show the duration or nature of the foreign condition on the platform.

The plaintiff relies on Burns v. Goldammer, 38 Ill App 2d 83, 186 NE2d 97, in which the Appellate Court affirmed a jury verdict where the issue, as stated by the court, was "whether the gum on the approach to the [bowling] alley had been there for a sufficient length of time to give defendants constructive notice of its presence." (At page 86.) However, that case is clearly distinguishable from the case at bar. In the cited case, the court, in holding that the defendant's motion for a directed verdict was properly denied, placed emphasis on the fact that there was evidence that the gum in question was blackened and flattened which could allow a jury to conclude that this gum was present on the approach for a considerable length of time. By contrast, no such evidence was adduced in the instant case.

In the recent decision of Arden v. Chicago Transit Authority, 89 Ill App2d 214, 232 NE2d 501, it was held that the trial court did not err in refusing to grant defendant's motions for a directed verdict and for judgment notwithstanding the verdict. In that case, the plaintiff testified that during the evening rush hour she slipped and fell on accumulated debris while she was descending the defendant's stairway. The Appellate Court concluded that there was sufficient evidence from which the jury could conclude that the defendant had notice of the presence of the debris, and thus distinguished the case from Davis v. South Side El. R. Co., supra. Upon an examination of Arden, we find it distinguishable from the Davis case and from the case at bar. The following evidence was presented in Arden all of which was fatally lacking in the instant case. The plaintiff specifically testified that her fall was caused by the debris. There was testimony that

99

the stairway had not been cleaned for almost three hours before the accident and that debris had been known to accumulate on the stairs and platform. In addition, emphasis was placed on the fact that the stairs were poorly lighted and that the plaintiff had used these stairs only as a result of misdirection by the defendant.

The plaintiff contends that the defendant's failure to object to the instruction that the defendant owed the highest degree of care precluded the trial judge from entering the requested judgment notwithstanding the verdict. It is the plaintiff's argument that the trial court could not make such a determination based upon a requisite degree of care which was not before the jury. By a motion for judgment notwithstanding the verdict, the same question is presented and the same test is applied as in deciding a motion for a directed verdict at the close of all of the evidence. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504; Arden v. Chicago Transit Authority, 89 Ill App2d 214, 232 NE2d 501. In each instance the trial judge determines whether all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. Pedrick v. Peoria & Eastern R. Co., supra. This inquiry assumes that a determination will be made in light of the correct and applicable law. An instruction, however erroneous, given after all of the evidence has been put before the court is therefore irrelevant to the sole question presented by either motion. A motion for judgment notwithstanding the verdict is and must be decided without consideration by the court of argument to the jury, instructions or the verdict, all of which occur after the completion of the evidence.

In the instant case, it must be concluded that the most favorable reading of the plaintiff's case does not supply the missing and material element of notice; and

for this reason, as a matter of law, a verdict in the plaintiff's favor cannot stand.

For the foregoing reasons, the judgment is reversed.

Reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.