Rosetta Brown, Plaintiff-Appellant, v. Chicago Transit Authority, Defendant-Appellee.

Gen. No. 53,900.

First District, First Division.

April 6, 1970.

Herman & Tannebaum and Barry Goodman, of Chicago, for appellant.

George J. Schaller, O. R. Hamlink, John E. Powers, and Jerome F. Dixon, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff brought suit to recover damages for personal injury as the result of a fall upon a stairway operated and maintained by the defendant, Chicago Transit Authority. The cause was submitted to a jury which returned a verdict for the plaintiff. Subsequently, the trial court granted defendant's post-trial motion for a judgment notwithstanding the verdict. The plaintiff has appealed that order.

In seeking to reverse the trial court, plaintiff challenges the propriety of the trial court's granting of

146

the judgment notwithstanding the verdict and contends that sufficient evidence was presented by plaintiff to sustain the jury's determination in her favor. Defendant argues that the trial court correctly sustained its motion because of the insufficient evidence to prove defendant's liability. Alternatively, defendant argues for affirmance because of the alleged insufficiency of the plaintiff's notice of claim, as required by statute.

The facts are that at about 10:00 p. m., on February 8, 1963, plaintiff was riding home on one of defendant's "El" trains. She left the train at the station located at 40th and Indiana in Chicago. She walked from the platform and proceeded down the stairs. Plaintiff fell down while upon the stairs leading from the platform. Plaintiff's testimony as to the occurrence was that she fell down about six steps. She stated she saw nothing prior to her fall, but observed "quite a bit of paper" when she looked up the stairs. According to her testimony, this paper was located on the step from which she fell. Plaintiff stated she used the same station everyday when she came home from work. She testified that on other days there were papers and objects on the stairs. It was established that it had snowed during the day in question, but there was no snow accumulation on the stairs. Plaintiff stated that it was wet on this particular evening. After testifying as to her injuries, doctor's care and loss of work, the plaintiff established that after her fall a porter, asserted to be one of defendant's employees, helped her up and took her to the ticket office. Plaintiff stated she was wearing overshoes on the night of the occurrence. On cross-examination plaintiff admitted she did not look at the particular step from which she fell down. She also stated she did not feel anything under her foot.

Defendant produced James Morris, who was the ticket agent on duty at the station where plaintiff fell on the night in question. The witness refreshed his recollec-

tion of the accident by reading over an accident report that he made out. Morris testified that plaintiff said she fell as a result of losing her balance and not because she slipped on any debris or paper. He further explained that the defendant's policy for cleaning the station was for a porter to sweep the stairs every four hours. It was established that the porter was in the station sweeping when plaintiff fell.

The plaintiff contends that the court erred in granting defendant's motion for judgment notwithstanding the verdict in violation of the rule announced in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967). The Illinois Supreme Court announced the oft-quoted principle that "verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (P 510.)

Defendant also contends that the Pedrick rule was properly applied in this situation by the trial judge. The contention is that the evidence presented could not establish defendant's liability, so that no verdict for the plaintiff could ever stand. The defendant maintains that there was no testimony as to the cause of plaintiff's fall and that plaintiff failed to prove that the defendant had any actual or constructive knowledge of the paper allegedly present on the stair in question. Defendant has relied upon the decisions of Davis v. South Side El. R. Co., 292 Ill 378, 127 NE 66 (1920) and Darda v. Chicago Transit Authority, 100 Ill App2d 94, 241 NE2d 478 (1968). We agree with the defendant that these cases are dispositive of the instant case.

 In Davis, supra, the Supreme Court announced the rule that a common carrier would be held to a standard of ordinary care to its patrons with regard to stations and other nonconveyance appurtenances. The case

involved a suit by one of the carrier's passengers for a fall down a stairway allegedly caused by a banana skin. The court stated that liability in such a situation could be imposed upon proof that the alleged tort-feasor had actual notice of the presence of a foreign object or that the object was present for a sufficient time to impute constructive notice.

■ In a more recent decision of Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 173 NE2d 443 (1961), the Supreme Court made this observation in discussing the Davis case, at page 475:

> "Where, in such case, the foreign substance was unrelated to the proprietor's operation and there is no proof of actual or constructive notice, defendant is entitled to a directed verdict, since there is no evidence from which it could be reasonably inferred that the substance was more likely to have been dropped by defendant's servants than by third persons."

In the instant case, plaintiff alleged that some accumulation of paper was the proximate cause of her fall. However, her testimony only established that it was on the step from which she fell. No evidence was presented that the paper in fact caused the fall. Thus, the above principles are appropriately applicable to this case.

■ We are supported in our conclusion by reliance on the case of Darda v. Chicago Transit Authority, 100 Ill App2d 94, 241 NE2d 478 (1968). In that case, the plaintiff fell on a platform of the defendant. The fall was allegedly caused by a wet mass of trampled leaves. The court relied upon the Davis case and held that plaintiff's evidence failed to prove any actual or constructive notice of the presence of any foreign substance on the platform. The court then applied the Pedrick test to reverse a judgment for plaintiff because of lack of proof of an element necessary for recovery.

149

 We think the above analysis is dispositive of the issues raised by the plaintiff and justifies the judgment rendered for the defendant. Plaintiff has argued that this court is bound by its decision in Arden v. Chicago Transit Authority, 89 Ill App2d 214, 232 NE2d 501 (1967). That case reached an opposite result because of direct evidence submitted by the plaintiff as to the accumulation of debris upon a stairway from which the jury reasonably inferred notice to the defendant of the presence of such debris. This case cannot be precedent for the instant case where the record is devoid of any proof on that matter.

The judgment of the trial court is affirmed. The disposition of this case based on the above renders unnecessary any inquiry into defendant's contention with regard to the notice of claim filed by plaintiff pursuant to statutory requirements.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.