SAMUEL JOSEPH JONES, Plaintiff-Appellant, v. CHICAGO AND NORTHWESTERN TRANSPORTATION COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—90—0205

Opinion filed November 16, 1990.—Rehearing denied December 18, 1990.

Law Offices of Michael James Frost, of Chicago (Michael J. Frost and Kenneth R. Klapacz, of counsel), for appellant.

Daniel R. LaFave, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Samuel Joseph Jones (Jones), plaintiff, appeals from an order of the trial court striking one count of a three-count amended complaint with prejudice and striking the second and third counts without prejudice in a personal injury action.

The facts are as follows.

On April 16, 1986, Jones was injured, resulting in the loss of his right leg. Jones filed a two-count complaint naming the Chicago

and Northwestern Transportation Company (CNW), charging that its negligence proximately caused his injuries. Jones was a monthly passenger on trains CNW operated between Chicago and Winfield. Jones charges that CNW's conductor prohibited him from leaving the train at his intended destination of the Winfield stop. Further, the conductor did not tell him he could use his ticket to board a train from the next stop, West Chicago, to return to Winfield six minutes later. At West Chicago, Jones deboarded the train. Jones left the West Chicago station, proceeding to walk eastbound from the West Chicago stop along the north side of the rail bed toward Winfield. The complaint alleges that at a point identified as mile-post 27.98, Jones was struck by a train or its appurtenances which caused his injuries, including the loss of his right leg.

The complaint was filed in two counts. Count I alleged that Jones was a passenger to whom CNW owed the highest degree of care in transporting him to his intended destination. Count II of the complaint alleged Jones was owed a duty of ordinary care and listed claimed negligent acts in the operation of CNW's trains.

CNW filed a motion to strike count I of Jones' complaint. The trial court struck count I but sustained count II. Jones moved to reconsider and vacate the order and for leave to file a three-count amended complaint. On December 13, 1989, the trial court made the following rulings:

1. Jones' motion to reconsider and vacate that part of the court order entered October 17, 1989, granting defendant's motion to dismiss count I of the complaint was denied.

2. Jones was denied leave to file count I of the first amended complaint and leave to amend count I was denied.

3. Jones was denied leave to file counts II and III of the first amended complaint at law without prejudice.

4. The order was made a final and appealable order. 107 Ill. 2d R. 304(a).

The sole issue on appeal is the duty owed by CNW to Jones. Count I of the amended complaint alleged that it was the duty of CNW to exercise the highest degree of care and caution in the operation of train No. 63 and in transporting Jones from Chicago to Winfield. Jones alleges that CNW violated this highest degree of care to transport him to his destination, and to provide him a reasonable opportunity to reach a place of safety, when it negligently failed to allow him to get off the train at his intended stop of Winfield, then let him off at the next stop, West Chicago, without providing him a reasonable opportunity to return to Winfield and reach

a place of safety. CNW does not dispute the fact that it owes its passengers the highest duty of care but claims that Jones was not a passenger when he was seriously injured while walking along the rail bed from the West Chicago station to the Winfield station.

We agree with the defendant (CNW) and affirm the trial court's dismissal of count I of the original complaint and its denial of leave to file count I of the amended complaint.

■ A common carrier owes its passengers the highest degree of care, and the passenger-carrier relationship does not terminate until the passenger has had a reasonable opportunity to reach a place of safety. (*Pharr v. Chicago Transit Authority* (1984), 123 Ill. App. 3d 205, 462 N.E.2d 753.) When a passenger on a common carrier ceases to be a passenger is not clearly defined in the law. It depends on varying circumstances such as the location of boarding or deboarding. *Katamay v. Chicago Transit Authority* (1972), 53 Ill. 2d 27, 289 N.E.2d 623.

However, it is well established that once a passenger has safely alighted from a train, the only duty a carrier owes a passenger that debarked from the train is the duty of ordinary care. (*Garrett v. Grant School District No. 124* (1985), 139 Ill. App. 3d 569, 487 N.E.2d 699; *Sims v. Chicago Transit Authority* (1954), 4 Ill. 2d 60, 122 N.E. 2d 221; *Davis v. South Side Elevated R.R. Co.* (1920), 292 Ill. 378, 127 N.E. 66.) In *Rotheli v. Chicago Transit Authority* (1955), 7 Ill. 2d 172, 130 N.E.2d 172, the Illinois Supreme Court examined the duty of care owed a passenger who, in possession of a transfer, was injured after exiting one bus while waiting to catch another one. The court examined the passenger-carrier relationship and held that even when the carrier discharges a passenger at an intermediate point of his journey, the duty to exercise the highest degree of care is suspended until the conveyance is resumed. (*Rotheli*, 7 Ill. 2d at 177, 130 N.E.2d at 175.) A passenger like Jones who is struck by a train after having safely debarked from another train might be considered in law a business invitee to whom the railroad owed an ordinary duty of care. *Poltrock v. Chicago & North Western Transportation Co.* (1986), 151 Ill. App. 3d 250, 502 N.E.2d 1200.

■ Before the issues of negligence and causation are addressed, a legally sufficient duty must first exist. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223.) To state an action in negligence, the complaint must allege facts which support the duty alleged. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387, *cert. denied* (1988), 485 U.S.

905, 99 L. Ed. 2d 236, 108 S. Ct. 1077.) The existence of a duty is a question of law to be determined by the court. (*Fancil v. Q.S.E Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) Questions concerning a breach of that duty and proximate cause of the injury are questions for the trier of fact. *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 393, 493 N.E.2d 1022.

■■ The sole inquiry before us is whether CNW owed Jones the highest duty of care based on an alleged passenger-carrier relationship when Jones was struck by a train. Nothing in the parties' briefs or the record indicates that Jones did not alight the train safely at the West Chicago station. We must find that when Jones alighted the train without incident at the West Chicago station, Jones ceased to be a passenger to whom CNW owed the highest duty of care. Since Jones charged CNW with the duty to use the highest degree of care in both count I of his original complaint and count I of his amended complaint, the trial court properly struck the original count I, denied his motion to reconsider and his motion to file the amended count I making the same charge with prejudice.

Count II, alleging a duty of ordinary care, remains pending in the circuit court of Cook County. Since Jones' request for leave to file amended counts II and III (which plead ordinary negligence) was denied without prejudice, nothing in the law precludes Jones from obtaining leave to refile counts II and III of his amended complaint.

For the foregoing reasons, the matter is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed and remanded for further proceedings.

COCCIA, P.J., and GORDON, J., concur.