## Jacob Deitz, Appellee, v. Belleville Co-operative Grain Company, Appellant.

Opinion filed December 26, 1933.

FARMER & KLINGEL, for appellant.

LOUIS J. GROSSMANN, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This was an action on the case brought by Jacob E. Deitz, appellee, to recover damages for personal injuries sustained by him on October 28, 1932, by falling in a parking lot or yard forming a part of appellant's premises.

The declaration consists of one count and one additional count. Both counts charge, in substance, that appellant, at and prior to the said date, was possessed of certain premises in Belleville, Illinois, which it used as its place of business. Here it bought from and sold to the public, grain, poultry and other articles of mer-

chandise; thereby it then and there held out to the general public an implied invitation to come upon its premises for the purpose of trading with it; that by reason thereof, it owed to the public the duty of keeping said premises in a reasonably safe condition to avoid injuring persons coming upon its premises as aforesaid.

The original declaration then charges that appellant negligently and carelessly maintained a part of said premises in a careless and negligent manner, in this, that certain debris, iron or obstructions were allowed to be in and upon the premises, whereby appellee, while he was on said premises, at appellant's invitation and while in the exercise of due care for his own safety, walked upon a certain iron bar obstruction and in so doing was tripped, by means of which he fell and broke his left hip.

The additional count after alleging due care on the part of appellee and his reason for being upon the premises, etc., alleges that "defendant negligently maintained and allowed the premises to be and become in an unreasonably unsafe condition, in this, that said debris, sheet metal, iron or other obstructions were allowed to be upon the premises aforesaid by reason of which said obstructions, appellee was tripped thereon; fell and received the injuries above described." To this declaration a plea of general issue was filed and a trial was had.

Appellant was engaged in buying from the farmers in said community all kinds of farm produce and in selling these articles at retail to the general public. It conducted its business in a large L-shape building. Adjoining the two sides of this building, which was on the inside of this L appellant maintained a parking lot for the benefit of its patrons. Many vehicles enter and stop there daily. This yard is about 100 feet long by 60 feet wide and slopes slightly downward from a

side of the longer wing of the building. In the shorter wing of the building, near to the corner formed by the union of the two wings, there is a doorway by which vehicles can enter the building to be loaded and unloaded and to drive upon the scales there. This doorway is reached also by a driveway in the yard which adjoins the longer wing of the building. The entire surface of this yard is made of chat about 12 inches deep. This chat was put down about nine years ago and was smooth and very hard.

Appellee is a man about 64 years of age. He had previously been an iron molder by occupation. He was somewhat unsteady on his feet and walked at times with the aid of a cane. On the morning in question he came to appellant's place of business in company with his son. They drove the son's automobile into appellant's yard and parked there. The son got out and went into the building. About five minutes later appellee got out of the car with intention of entering the large doorway. After stopping between the car and the door to talk to certain people, he took two or three steps and then fell upon the chat and broke his left hip. The place where he fell was in appellant's parking yard about 10 or 15 feet from each of the two wings of the building. No one saw him fall though several saw him immediately afterwards. Appellee testified that while he was in the act of taking a step the heel of his right foot struck the obstruction lying on the chat which was afterwards found to be a piece of sheet metal. The piece of metal was about one-sixteenth of an inch in thickness, 18 inches to two feet long and three or four inches wide in the middle and tapering at the ends. Several witnesses, including appellee, saw it while it was being tossed in the air by appellee's feet. It lay two or three feet from his foot after he had fallen.

Appellee offered no proof as to where he was looking, what direction he was facing or how he was walking at the time he received the fall. Neither did he offer any evidence on the question of appellant's knowledge of the piece of sheet metal in the yard, nor the length of time it had been there. No witness had ever seen the piece of sheet metal until after appellee's fall. There was no evidence offered to the effect that the sheet metal lying upon the chat constituted a dangerous condition except the fact that appellee struck it with his foot and fell as a result thereof. Neither was there evidence that this piece of metal constituted hidden danger, trap, snare or pitfall.

At the close of appellee's evidence and again at the close of all the evidence, appellant moved the court for a directed verdict but the court denied the motion.

The jury returned a verdict in the sum of $2,200. A motion for a new trial was denied and judgment was entered upon the verdict. The case is brought here on appeal.

The presence of this piece of sheet iron two feet long, two inches wide and one-sixteenth of an inch thick lying in an open lot in broad daylight does not seem to us to create a condition which comes within or near that line of decisions which hold that the owner of premises is responsible for injuries to invitees upon his premises, received because of dangerous conditions allowed to exist there. Not only was this piece of metal not a hidden danger trap or pitfall but it is such a thing as by its very nature does not create a dangerous condition.

It is the duty of persons who invite others upon their premises to keep such premises in a reasonably safe condition so that their invitees will not be injured by reason of any unsafe condition of the premises, yet the law does not make the owners of premises insurers of persons thereon. To hold that defendant was guilty

of negligence because this piece of sheet iron was on this open lot where anyone might see it would in our judgment be carrying the definition of negligence to an unreasonable extreme. Even were we ready to go to that extreme we would still have to hold that the evidence in this case shows affirmatively that defendant had no knowledge of the condition. Nor would he have had knowledge in the exercise of reasonable care in that behalf. There is no evidence of lack of reasonable care.

Another trial of this case even though it might show that defendant knew of this piece of metal being upon its premises would not change our minds and lead us to believe that the said piece of metal, where it was and such as it was created a dangerous condition upon these premises. There was no evidence in this case which fairly tended to show that defendant was guilty of any negligence which caused plaintiff's injuries. The trial court erred therefore in not allowing defendant's motion and in refusing to instruct the jury to find the defendant not guilty. The judgment is therefore reversed.

*Judgment reversed.*