**Bertha Jones, Appellee, v. Kroger Grocery and Baking Company, Appellant.**

Opinion filed December 26, 1933.

Wheeler, Oehmke & Dunham, for appellant.

Kramer, Campbell, Costello & Wiechert, for appellee.

Mr. Justice Stone delivered the opinion of the court.

Appellee Bertha Jones brought suit against Kroger Grocery and Baking Company, appellant, for damages sustained by her by reason of a fall on the floor of appellant's store on March 14, 1932, in Willisville, Illinois.

The declaration consists of one count. It alleges that on March 14, 1932, appellant owned and operated a certain grocery store which the public was invited to patronize; that it negligently and carelessly permitted certain refuse and pieces of spinach to remain upon the floor of said store in the place where customers were invited to walk in selecting their groceries; that appellant had knowledge thereof, or in the exercise of reasonable care in that behalf would have had knowledge; that appellee, while in the exercise of due care and caution for her own safety, slipped on a piece of spinach and fell and thereby received serious and permanent injuries.

Appellee brought suit of $2,999. The jury gave her a verdict for $1,275. A motion for new trial was overruled and the trial court rendered judgment on the verdict. Appellant has appealed to this court assigning many errors, among them that the court erred in refusing to instruct the jury at the close of appellee's evidence and again at the close of all the evidence to find the defendant not guilty.

Appellee fell in an open floor space in appellant's store. There is some evidence and much speculation as to how appellee happened to fall. She says she slipped on a piece of spinach; her feet fell from under her; that she fell on her back and her head hit a crate. It was daylight at the time and appellee had no difficulty in seeing where she was going. Further testimony of appellee indicates that she supposed she

slipped on the piece of spinach. She did not see her feet go down on the spinach. She testified there was some spinach on the floor and that when she got outside the store her husband lifted up her foot and looked at the heel of her shoe and saw something green there which they assumed was a leaf of spinach. Appellee's husband testified that after his wife had fallen, he noticed spinach where she had slipped,—that there was a little piece about the size of his finger nail, supposedly pinched off, but that three or four feet was as close as he got to it.

William Wright, the manager of appellant's store, together with George Bailey "got down" and examined the piece of spinach to observe what might have caused appellee to fall. Wright described the piece of spinach as a small piece of one stalk with possibly four leaves on it. This was the only spinach on the floor. Upon examination the stalk appeared to be in perfect condition,—its contour not broken. No leaves had been broken or crushed. Wright testified that he had not seen the piece of spinach before appellee fell, although he had gone over the floor often; that it was his duty to keep the floor clean, and he had swept it out early that afternoon. He did not know of the presence of this piece of spinach on the floor and did not know how it got there. He says that the piece of spinach was in plain sight after appellee fell and was about eight feet from the counter. There was no other spinach or litter on the floor.

Assuming that the evidence in this record justifies a finding that appellee fell by slipping on the leaves of spinach, and that she was in the exercise of due care for her own safety in so doing, there remains a fundamental question in this case. Does the presence of a small piece of spinach about three inches long with three or four leaves on it, lying on the clean and open

floor of a grocery store, nearby where vegetables are kept for sale, in broad daylight, without the owner's or manager's knowledge, constitute an unsafe condition for persons in the exercise of reasonable care for their own safety? Is it a trap, pitfall, or other hidden defect such as has been denounced by our courts? So to hold would be unwarranted by any authority which has come under our knowledge or observation.

As we said in *Deitz v. Belleville Co-operative Grain Co.,* 273 Ill. App. 164, "It is the duty of persons who invite others upon their premises to keep such premises in a reasonably safe condition so that their invitees will not be injured by reason of any unsafe condition of the premises; yet the law does not make the owners of premises insurers of persons thereon."

This claim for damages is an extreme claim. To allow it would be to say that if the smallest piece of candy fell from the show case in a grocery store, its very presence there would create a dangerous condition within the meaning of the law of negligence. Or if some person spat upon the floor, as is sometimes done, the effect would be to make the owner of a store responsible for maintaining a dangerous or unreasonably unsafe condition. Illustrations of the extremities to which such a rule as is invoked here might be carried could be multiplied. It is useless. Allowing very wide latitude to the field within which reasonable minds may differ as to the existence of actionable negligence in particular acts or circumstances, it still seems to us that all reasonable minds should agree that proof of the presence of a single stalk of spinach on a clean, well lighted floor of a store, at the instant when appellee fell, is not proof of negligence on the part of the manager of the store on which liability for damages can be based.

This record fails to disclose any negligence on the part of appellant. It is therefore entitled to the pro-

tection of the law against the operation of this judgment.

The trial court erred in not taking this case from the jury and instructing it to find the defendant not guilty. The judgment therefore is reversed.

*Judgment reversed.*