## Solomon Antibus, Appellee, v. W. T. Grant Company, Appellant.

Heard in this court at the May term, 1938. Opinion filed November 7, 1938.

WHEELER, OEHMKE & DUNHAM, of East St. Louis, for appellant; E. FRED GEROLD, JR., of East St. Louis, of counsel.

BEASLEY & ZULLEY, of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On July 28, 1936, defendant operated a store in East St. Louis, selling dry goods and clothing, same being conducted on two levels, a main floor and basement. A stairway, about 7 feet wide and consisting of 19 ordinary steps, led from the first floor to the basement. At the top of the stairway, on the main floor, was a banister or railing around three sides of the stairway, the entrance thereto being from the east. There was freedom of movement all the way around the railing, and the stairway was visible to anyone who might be in proximity thereto, and the same was well lighted by electricity.

On the day referred to, plaintiff went into the store and down the basement stairs in order to make some purchases. As he descended he met two women and a child coming up the stairway. He remained in the basement some 20 minutes or more, then started up to the main floor, and when at about the fifth or sixth step, stepped upon a banana peel and fell, sustaining injuries to his knee and other portions of his body for which he brought suit. The cause was twice tried, the first trial resulting in a disagreement of the jury, and in the second there was a verdict for plaintiff in the sum of $250, upon which judgment was entered and from which defendant has appealed.

The complaint, in the usual form, averred that defendant carelessly allowed refuse to accumulate upon the stairway, ''which said refuse, to-wit: banana peeling, was known by the said defendant to be upon the said steps where the public, including the plaintiff, was required to pass in leaving said basement, or could have been known to said defendant by the exercise of reasonable care.''

In such situations the keeper of the store is not an insurer of the safety of his patrons, his duty being to keep his premises in a reasonably safe condition so that customers will not be injured by reason of any unsafe condition of the premises; *Devaney v. Otis Ele-*

*vator Co.*, 251 Ill. 28; *Jones v. Kroger Grocery & Baking Co.*, 273 Ill. App. 183. It is necessary to allege and prove that defendant knew of such unsafe condition, or that same existed for a period of time from which it might be inferred that he, by exercising ordinary care, could have learned of same; *Calvert v. Springfield Elec. Light & Power Co.*, 231 Ill. 290; *Davis v. South Side El. R. Co.*, 292 Ill. 378.

Plaintiff properly pleaded such matters, and it was incumbent upon him to produce some evidence reasonably tending to support such allegation. There was no attempt to show that defendant had actual knowledge that the banana peeling was on the steps, hence the question is, was same there so long that it might fairly and reasonably be said that defendant, by the exercise of ordinary care, could have or should have known of its presence.

At the close of plaintiff's case defendant moved for a directed verdict, which was overruled; the motion, however, was renewed at the close of all the evidence, and again denied.

It is contended that there was no proof produced by plaintiff showing either actual knowledge on the part of defendant, or reasonably tending to prove the presence of the peeling on the steps for a sufficient length of time to charge defendant with knowledge of such fact, and that the trial court erred in denying such motion. If such contention is correct the motion should have been sustained; *Dee v. City of Peru*, 343 Ill. 36.

The proof in plaintiff's case bearing upon this proposition is the testimony of plaintiff himself, his two other witnesses not testifying to such matter. Plaintiff stated that he did not see the peeling upon the stairs when he descended; that he was in the basement 25 or 30 minutes or maybe longer. He testified: "While I was down in the basement I did not see anyone using the stairway"; and upon cross-examination he deposed: "I just stopped to try on some straw hats; I

tried on several but I found none to suit me, and then I looked at some shirts. I was standing sideways to the stairs when I tried on the hats, and then I walked down the aisle with my back to the stairs. My back was to the stairs maybe three or four minutes when I walked down there.'' This, in connection with the circumstance that plaintiff, as he descended the stairs, met two women and a child coming up, is the only proof as to the use of the stairway during the period involved.

This is the sum total of the proof bearing upon the proposition. From this, therefore, it is manifestly a matter of conjecture as to when the banana peeling first came upon the stairs, or by whom or in what manner it was deposited there. Whether others descended the stairs shortly before plaintiff came up is not shown. He stated that he saw no one, and further said that his back was turned to the stairs for a period of three or four minutes; moreover, he was examining goods, intent upon making purchases, and evidently was not looking around or observing the stairway. It is entirely possible that the peeling may have been thrown down the stairway by some person near the railing at the top, or have gotten there in some manner unexplained by the evidence. There is no testimony that it was there for any particular period of time prior to the accident, and there is certainly nothing reasonably tending to prove that it was on the steps sufficiently long to charge defendant with knowledge of its presence. Where such is true, plaintiff fails to establish one of the essentials of his right to recover, and the trial court should direct a verdict for defendant; *Goddard v. Boston & Maine R. Co.*, 179 Mass. 52, 60 N. E. 486; *De Velin v. Swanson* (R. I.), 72 Atl. 388.

In our opinion the motion to direct a verdict for defendant at the close of plaintiff's case should have been sustained.

*Judgment reversed.*