Florence Schmelzel, Appellant, v. Kroger Grocery and Baking Company, and Bradley Farnsworth, Appellees.

Term 50–0–14.

Opinion filed February 8, 1951. Released for publication March 6, 1951.

JONES, OTTESEN & FLEMING, of Belleville, for appellant.

OEHMKE & DUNHAM, of East St. Louis, and ELY & ELY, of St. Louis, Mo., for appellees; HOWARD F. BOMAN, of East St. Louis, of counsel.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal by plaintiff appellant, Florence Schmelzel (hereinafter called plaintiff), from a judgment rendered in favor of defendants appellees, Kroger Grocery and Baking Company, a corporation, and Bradley Farnsworth (hereinafter called defendants), and against plaintiff for costs, pursuant to a directed verdict returned at the close of plaintiff's evidence.

Plaintiff filed suit in the circuit court of St. Clair county against the defendant, Kroger Grocery and Baking Company, a corporation, who operated a retail grocery store in Belleville, Illinois, and of which store the defendant, Farnsworth, was acting manager. Plaintiff's complaint alleged that at about 2:30 p. m. on October 2, 1948, while she was a customer in said store, she fell by slipping on a piece of lettuce in the aisle near one of the check-out lanes, resulting in physical injuries to herself.

The complaint charged defendants with negligence in one or more of the following respects: (a) In failing to keep the floor of the premises free and clear of lettuce or other vegetable leaves; (b) In failing to warn the plaintiff that lettuce or other vegetable leaves were on the floor of said premises; and (c) In failing to remove said lettuce or other vegetable leaf from the floor of the premises, when the defendants knew or should have known of its presence at a place that was likely to cause injury to customers of said store, including the plaintiff. Defendants filed an answer to plaintiff's complaint which denied the material allegations thereof, and the matter came on for trial before the court and a jury. At the close of plaintiff's case, the defendants offered a motion to instruct the jury to find them not guilty. The motion was allowed and the jury was instructed to find said defendants not

guilty, and did so find by its verdict, and judgment having been rendered thereon in favor of defendants and against plaintiff for costs, this appeal follows.

 The propriety of the allowance of a motion for a directed verdict at the close of plaintiff's case is governed by rules of law so definite and specific in this State that a restatement of them here could serve no useful purpose. As to whether or not that quantum of evidence was produced by plaintiff and her witnesses in the presentation of her case of course presents a question that makes it necessary for us to give careful consideration to the evidence plaintiff and her witnesses produced, and to analyze same with a view of determining the correctness or incorrectness of the court's ruling on the motion for a directed verdict.

Plaintiff produced in the presentation of her case, testimony of her mother, her sister, the manager of the store (who was called for cross-examination), and her own testimony, together with certain medical testimony. From the evidence it appears that plaintiff with her mother and sister entered the store at about 2:30 p. m. on October 2, 1948, as customers to make purchases, and that each of these individuals made purchases of different items. Ruth Evans, sister of plaintiff, testified she was the first of the three to finish making her purchases and approached the most northerly check-out lane in the store for the purpose of having her purchases checked. This witness testified she had been standing at the check-out counter for approximately ten minutes when she heard her sister, the plaintiff, scream, and she ran over to where her sister had fallen on the floor and observed that she had been injured. Plaintiff's mother testified she had made her purchases and observed that her daughter, Ruth, had checked out her groceries. Plaintiff's mother was in the process of having her purchases checked, after being at the counter for approximately ten minutes, when

she heard the plaintiff ask the employee behind the number one check-out counter for a shopping bag, and shortly thereafter she heard plaintiff scream and found her on the floor. Neither of these witnesses testified they observed any objects on the floor upon which plaintiff might have fallen, either before or after the accident. The plaintiff testified her mother and sister had finished their purchases and were at the check-out counter when she finished her purchases and approached the check-out counter and laid her groceries on the counter. She then asked the employee for a shopping bag and the check-out girl stated, ''There are some hanging up over there.'' Plaintiff testified she walked over where she had been shown the bags were located, got a shopping bag off the table and was on her way back to the checking counter when her left foot, upon descending to the floor, struck a piece of lettuce leaf, causing her leg to fly out from under her and causing her to fall to the floor, breaking her leg. Plaintiff testified she fell about fifteen feet from the number one check-out counter, in the aisle in back of the cash register at the number one counter. Plaintiff further testified the lettuce leaf was approximately the size of a half dollar and that she did not see it prior to the time her heel came down upon the leaf and that then it was too late to do anything to prevent the injury.

The defendant Farnsworth, on his cross-examination, testified he was the acting manager of the store on the day in question and that there were six or seven people working in the store on that date, that it had been swept out two or three times during the day, and that they had swept around the check-out counters and around the vegetable counter. Ruth Evans, the sister of plaintiff, testified the store was well lighted, with groups of lights from the front to the back, and that there was no difficulty in seeing. This, we believe, fairly summarizes the evidence produced on behalf of

plaintiff in support of her case. The sole question presented for our determination is whether or not this evidence was sufficient, with all the reasonable inferences arising therefrom, to have made it error for the court to allow defendants' motion for a directed verdict.

It is the duty of persons who invite others upon their premises to keep such premises in a reasonably safe condition so that their invitees will not be injured by reason of any unsafe condition of the premises, yet the law does not make the owners of premises insurers of persons thereon (*Dietz v. Belleville Co-op. Grain Co.*, 273 Ill. App. 164, 167; *Jones v. Kroger Grocery & Baking Co.*, 273 Ill. App. 183, 186). Reasonable care to see that premises are reasonably safe is all that is required (*Miller v. S. S. Kresge Co.*, 306 Ill. 104).

It is necessary to allege and prove the defendant knew of such unsafe condition, or that same existed for a period of time from which it might be inferred that had he been exercising ordinary care he could have learned of same (*Calvert v. Springfield Electric Light & Power Co.*, 231 Ill. 290).

The presence of this small portion of a leaf lying on a clean and open floor of a well-lighted grocery store, considered in connection with the other evidence in this case, did not create a liability for which these defendants could be called upon to respond in damages. The rules of law announced in *Jones v. Kroger Grocery & Baking Co., supra*), are applicable to this case and we adhere to them as being conclusive and controlling in this case.

The action of the trial court in allowing the motion for a directed verdict and in entering judgment thereon was clearly right and proper, and is affirmed.

*Judgment affirmed.*

SCHEINEMAN, P. J., and BARDENS, J., concur.