(No. 36038.—

MAX OLINGER, Appellant, *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY *et al.,* Appellees.

*Opinion filed March 29, 1961.*

470

LISTEMAN AND BANDY, of East St. Louis, and R. K. PEEK, of Du Quoin, for appellant.

OEHMKE, DUNHAM & BOMAN, of East St. Louis, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff, Max Olinger, sued defendants, The Great Atlantic and Pacific Tea Company and its store manager, Eddie Graves, for personal injuries sustained when he slipped and fell on the floor of defendants' store. The cause was submitted to a jury and plaintiff was awarded a verdict of $30,000. The trial court entered judgment on the verdict, which judgment was reversed by the Appellate Court. (26 Ill. App. 2d 88.) This court has granted plaintiff leave to appeal.

The issue in this cause, as was correctly stated by the Appellate Court, is whether, under the facts and circumstances most favorable to plaintiff, there was any evidence of negligence by defendants in the maintenance of the store

premises which could properly be submitted to the jury. *Donoho* v. *O'Connell's, Inc.*, 13 Ill.2d 113.

The facts, briefly stated, are as follows:

Early in the afternoon of August 22, 1956, plaintiff entered defendants' self-service chain store through the only customer entrance. He walked 20 to 25 feet in a southerly direction and then turned right into an aisle into the main portion of the store. As plaintiff turned to the right, he slipped and fell injuring his back.

Plaintiff testified that after he fell, he noticed a substance on the floor where he had slipped. It was described by him as a thin oil, pinkish or light red in color, covering a spot of 6 or 7 inches. He saw a skid mark $3\frac{1}{2}$ to 4 feet long through this substance. He tasted it and found it was sweetish in taste, abrasive, a little bit sticky. Plaintiff also testified that some of the substance was on his shoes after the fall.

Other witnesses testified that they observed a small spot of a semi-solid reddish substance near the place where plaintiff had fallen. They described the spot as being no larger than a small jelly bean, smaller than a dime, the size of a nickel, possibly a quarter. The ambulance driver testified that he observed a reddish, semi-solid substance, about the size of the end of his finger, on plaintiff's right shoe. No one testified as to the identity or name of the substance observed.

At or near the corner where plaintiff fell, there was a notions counter having 4 or 5 open shelves upon which merchandise, such as gauze, first aid items, tooth paste, tooth brushes, shaving cream, hair oil, and similar items, were displayed. There was evidence tending to show that on the day of plaintiff's fall, bottles of Coldene, a red liquid cough medicine, were on display on the notions counter. One of plaintiff's witnesses testified that the second week in September, two or three weeks after the occurrence in question, he went to defendants' store at plaintiff's request and pur-

chased a bottle of Coldene from the notions counter. This witness also testified that at the time of that purchase there was another bottle of Coldene on display which looked like some of the liquid was out of it and was sticky on the outside.

The trial court ruled that the evidence warranted submission of the issue of defendants' negligence to the jury. In denying defendants' motions for directed verdict, the trial judge stated: "Well, there is no question but what, under the Fourth District Appellate Court law, this case isn't any good, but under the Supreme Court law, I think they have practically said if you fall down in a store the store is liable. Regardless of what my feelings are in the matter, I have to be guided by the Supreme Court." The Appellate Court disagreed, and reversed the judgment entered on the verdict in favor of plaintiff. We are thus confronted with the problem of ascertaining, from the evidence and inferences most favorable to plaintiff, whether the issue of defendants' negligence in the maintenance of the store premises should have been submitted to the jury. *Mueller* v. *Elm Park Hotel Co.,* 398 Ill. 60.

It is not questioned that plaintiff's status, at the time of his injury, was that of a business invitee on defendants' premises. As such, defendants owed him the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition. (*Geraghty* v. *Burr Oak Lanes, Inc.* 5 Ill.2d 153.) The applicability of this familiar rule provokes no challenge. Its actual application, however, raises the difficult question of the kind and quantity of evidence necessary to establish a breach of that duty.

In the recent case of *Donoho* v. *O'Connell's, Inc.,* 13 Ill.2d 113, we carefully reviewed and re-examined the case law of both this and other jurisdictions pertaining to the liability of owners and proprietors for injuries to business invitees caused by slipping on foreign substances on their floors. Therefore we consider it unnecessary to repeat the

factual analysis of the many cases on this subject which appeared in the *Donoho* opinion. But, in view of certain statements of the trial judge and the parties in this case, we do feel compelled to again outline the general principles of law which are involved here.

Where a business invitee is injured by slipping on a foreign substance on the premises, liability may be imposed if the substance was placed there by the negligence of the proprietor or his servants, or, if the substance was on the premises through acts of third persons or there is no showing how it got there, liability may be imposed if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. *Davis* v. *South Side Elevated Railroad Co.,* 292 Ill. 378; *Pabst* v. *Hillmans,* 293 Ill. App. 547; *Schmelzel* v. *Kroger Grocery and Baking Co.,* 342 Ill. App. 501; Annotation, 61 A.L.R.2d 6 *et seq.*

For purposes of deciding whether a given case should have been submitted to the jury, the above authorities may be reduced to two more specific propositions.

1. Where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that the substance was on the floor through the acts of defendant or his servants, the issue of negligence will be submitted to the jury.

2. Where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that defendant or his servants knew or should have known of its presence, the issue of negligence will be submitted to the jury.

We are not here concerned with the second proposition relating to notice since plaintiff has made no contention here or in the Appellate Court that the evidence tended to establish actual or constructive notice to defendants.

Plaintiff contends instead that sufficient evidence was

introduced to establish that the substance on which he slipped was on the floor through the act of defendants or their servants and, therefore, the trial court was correct in submitting the issue of defendants' negligence to the jury.

In adjudging this contention we are confronted with the question of the quantity of proof required under the first proposition stated above. If, of course, there is direct evidence that the foreign substance was on the floor through the acts of defendant or his servants, the issue of negligence is a question of fact for the jury. Frequently, however, there is no direct evidence as to how the foreign substance got on the premises. The question then is—what circumstantial evidence is sufficient to sustain a reasonable inference that the substance was there through the act of defendant or his servants. It is this facet of the problem to which the *Donoho* decision specifically applies.

Where, in such case, the foreign substance was unrelated to the proprietor's operations and there is no proof of actual or constructive notice, defendant is entitled to a directed verdict, since there is no evidence from which it could be reasonably inferred that the substance was more likely to have been dropped by defendant's servants than by third persons. (*Davis* v. *South Side Elevated Railroad Co.,* 292 Ill. 378; *Antibus* v. *W. T. Grant Co.,* 297 Ill. App. 363; *Michelson* v. *Mandel Brothers, Inc.* 322 Ill. App. 691.) Likewise, even where there is proof that the foreign substance was related to defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury, defendant is entitled to a directed verdict, such evidence being insufficient to support the necessary inference. *Jones* v. *Kroger Grocery and Baking Co.,* 273 Ill. App. 183; *Schmelzel* v. *Kroger Grocery and Baking Co.,* 342 Ill. App. 501.

"Where, however, in addition to the fact that the substance on the floor was a product sold or related to de-

fendant's operations, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice." *Donoho* v. *O'Connell's, Inc.*, 13 Ill.2d 113 at 122.

In the instant case, there is no direct evidence as to how the foreign substance came to be on defendants' floor. Moreover, there is not even any evidence as to what that substance was. No one testified that the substance was Coldene. The best that can be said of plaintiff's evidence is that plaintiff slipped on a reddish substance and defendant sold red cough medicine called Coldene. Only by the wildest speculation could it be concluded from these facts that the substance on which plaintiff slipped was Coldene. Since the evidence failed to establish that the substance was related to defendants' operations, no inference could be drawn that the substance was more likely to have been dropped by defendants' servants under the *Donoho* rule. Having failed to show that the substance was related to defendants' business, it is unnecessary for us to decide whether plaintiff offered other evidence which would permit an application of the *Donoho* rule.

We firmly adhere to the rule that a storekeeper is not the insurer of his customer's safety. Liability must be founded on fault, and where, as here, there is no evidence, direct or inferential, of negligence by defendants in the maintenance of the store premises, liability may not be imposed.

The trial court erred in submitting the negligence issue to the jury. The decision of the Appellate Court reversing the judgment for plaintiff is affirmed.

*Judgment affirmed.*