Fred Semmler, a Minor, by Viola Semmler, His Mother and Next Friend, Plaintiff-Appellant, v. Guy S. Accettura, Defendant-Appellee.

Gen. No. 48,206.

First District, First Division.

April 10, 1961.

Rehearing denied May 24, 1961.

Seymour Velk and Sherwin J. Malking, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Kendall Griffith, of counsel) for appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court:

This is an action to recover damages for personal injuries suffered by a seven year old boy when he fell from a "slide" in defendant's backyard. The trial court dismissed the suit on defendant's motion. Plaintiff has appealed.

The motion admits the well pleaded pertinent facts: The boy frequently played in the backyard with defendant's children and other children. In the backyard defendant maintained a "slide customarily used by children in playgrounds." On September 5, 1958, the boy went to the backyard to play on the slide. He "climbed to the top of the slide, slipped upon a foreign substance," fell to the ground and was injured.

The question is whether the complaint states a cause of action.

The complaint alleges that the boy, because of his tender years, did not "discover the condition" nor "realize the risk involved." It charges defendant "realized or should have realized that the maintenance of the slide . . . was inherently dangerous to children and involved unreasonable risk" in providing an "attractive entrance . . . to a place of danger." It charges that defendant "could reasonably have provided a safeguard to obviate the danger." The complaint goes on to charge specific negligence in the failure of defendant to prevent plaintiff from playing in the yard; failure to protect plaintiff from the "hazard"; in "causing, permitting, and allowing the slide to remain in an unsafe, dangerous and unstable condition"; and in failing to warn the boy "of the danger of coming upon the slide which was . . . in a dangerously unsafe condition."

The complaint also charges that defendant knew that children of tender years were attracted to the premises before the boy was injured "in time in the exercise of due care, to have remedied the dangerous condition complained of" or to protect the child from injury.

The motion to dismiss was upon the grounds that the slide was "designed for the use and enjoyment of children"; that a slide is not an "instrumentality which falls within the 'Attractive Nuisance Doctrine' "; and that defendant had no duty to prevent a child from playing with a slide designed for his use and enjoyment.

We will not reach the questions raised by plaintiff on appeal that a slide is an "attractive nuisance" imposing on defendant the obligation of keeping the slide safe for children, and that the issue in this case

251

was for the jury. We think the trial court correctly dismissed the suit because the complaint was insufficient in charging notice to defendant of the alleged dangerous condition. Schmelzel v. Kroger Grocery & Baking Co., 342 Ill. App. 501, 96 N.E.2d 885 (1951); Michelson v. Mandel Bros., Inc., 322 Ill. App. 691, 54 N.E.2d 646 (1944); Antibus v. W. T. Grant Co., 297 Ill. App. 363, 17 N.E.2d 610 (1938). See also Illinois Pattern Jury Instructions, IPI No. 120.04 (1961).

■ Plaintiff was required to have a theory, Rogers v. New York, C. & St. L. R. Co., 328 Ill. App. 123, 65 N.E.2d 243 (1946), and required to allege the necessary elements of the cause of action based on that theory. Antibus v. W. T. Grant Co., 297 Ill. App. 363, 17 N.E.2d 610 (1938). The complaint charges that the slide was inherently dangerous but in this court it was conceded that the slide is not inherently dangerous and that theory is out of the case. Defendant, presumably, thought the complaint was based on a theory of inherently dangerous instrumentality and his motion was directed accordingly.

■ Plaintiff's contention here is that defendant's slide was made dangerous by defendant's failure to maintain it safely for use by children, in that defendant permitted a "foreign substance" on the slide, which the boy of tender years, could not be expected to discover as a "hazard" and which rendered the slide dangerous. Plaintiff should not be permitted to change from the "inherently dangerous" theory in the trial court to the "foreign substance" theory in this court; but, in any event, even if the trial court considered plaintiff's complaint as stating a "foreign substance" theory, it would have been justified in dismissing the suit because of the insufficiency of the allegations of notice.

 Plaintiff was not required to allege evidentiary facts but was required to allege sufficient ultimate facts from which defendant and the trial court could infer notice on the part of the defendant. Before judgment, a pleading is construed most strongly against the pleader. Field v. Oberwortmann, 14 Ill.App.2d 218, 144 N.E.2d 637 (1957). But even though plaintiff is entitled to the reasonable intendments of the language used in the complaint (Ibid.), it was not enough to allege as a basis for pleading constructive notice, if that was the purpose of the allegation, that defendant knew "in time in the exercise of due care, to have remedied the dangerous condition complained of."

This is not a case like Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E.2d 434 (1958), where the substance causing the fall was related to defendant's business and there also was evidence from which it could be inferred that the substance had been placed there by defendant's employees. Neither is the case before us like the case of Swanson v. S. S. Kresge Co., 302 Ill. App. 455, 24 N.E.2d 62 (1939), where the plaintiff had tripped on a loose metal strip on a stairway in a department store. The nature of that defect justified an inference that the condition had existed for a space of time sufficient in a department store to charge the defendant with constructive notice.

The foreign substance in the case before us is not described so that, as in the Swanson case, the trial court and defendant could infer from the nature of the substance either that defendant was responsible for its being on the slide or that he should have known before the boy was injured that the substance was on the slide, or could, by the use of ordinary care, have discovered that it was on the slide.

■ We think, that even in this day of liberal rules of pleading, the complaint is fatally deficient because it fails to allege the essential element of notice. It does not state a cause of action and the trial court properly dismissed the suit.

For the reasons given, the judgment is affirmed.

Affirmed.

BURMAN and MURPHY, JJ., concur.