Anna M. Gurshey, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.

Gen. No. 49,739.

First District, First Division.

May 10, 1965.

Philip H. Corboy and Jerome H. Torshen, of Chicago, for appellant.

William J. Lynch, William S. Allen and James E. Hastings, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Anna M. Gurshey brought this action against the Chicago Transit Authority to recover damages for personal injuries sustained by her in a fall on an elevated railway platform which was owned and maintained by the defendant. The matter was tried before a jury, but at the conclusion of the plaintiff's case, the trial judge granted the defendant's motion for a directed verdict in its favor. The plaintiff appeals from the judgment entered on the directed verdict.

██ ██ The question presented by an appeal from the granting or denial of a motion for directed verdict is whether there is any evidence which, standing alone and taken with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of his case. Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847. In determining this question the court will not consider questions concerning the credibility of witnesses or the weight or preponderance of the evidence. Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 69 NE2d 293; Hering v. Hilton, 12 Ill2d 559, 147 NE2d 311.

The evidence, when viewed in light of these principles, reveals that on the morning of March 20, 1959, the plaintiff, who was then 56 years of age, was on her way to work. After she paid her fare to ride on the defendant's train, the plaintiff walked up to the defendant's elevated railway platform in order to wait there for the train. The platform is constructed of wood and is open except for the stairwells. There

are spaces between the planking on the floor of the platform and in some places these spaces are wider than a pea.

About a week prior to the date of the occurrence the weather in the area had been quite stormy and until March 16, 1959, the platform was covered with ice and snow and was slippery. Two witnesses who used the defendant's service daily testified that on March 16, 1959, gravel was spread in spots over the platform. One of the witnesses described the gravel as "of a reddish nature, like cinders." The other witness testified that the gravel was about pea sized; that it was distributed on the platform in spots, "as though it had been thrown with a shovel"; and that it was still on the platform on the date of the occurrence. After March 16, 1959, when the weather cleared and the ice and snow melted, there were huge accumulations of gravel in some places on the platform.

The plaintiff testified that on the day in question, while she waited for the defendant's train, she stood on the east side of the platform sunning herself and talking to a neighbor. As the train approached, the plaintiff walked from the east to the west side of the platform in order to board the train. As she turned to get on the train, she slipped or tripped on the gravel. She tried to regain her balance, but bumped into a suitcase and remained off balance. She then bumped her hip on the car of the train and fell in a seated position in the gravel and sustained the injuries for which she seeks recovery.

The evidence shows that the plaintiff was a business invitee at the time of the occurrence and that she slipped on a foreign substance which was located on the defendant's premises. The appropriate rules concerning liability in such a case were stated by the Supreme Court in Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 173 NE2d 443, in these terms:

Where a business invitee is injured by slipping on a foreign substance on the premises, liability may be imposed if the substance was placed there by the negligence of the proprietor or his servants, or, if the substance was on the premises through acts of third persons or there is no showing how it got there, liability may be imposed if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. [Citing cases.]

For purposes of deciding whether a given case should have been submitted to the jury, the above authorities may be reduced to two more specific propositions.

1. Where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that the substance was on the floor through the acts of defendant or his servants, the issue of negligence will be submitted to the jury.

2. Where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that defendant or his servants knew or should have known of its presence, the issue of negligence will be submitted to the jury. (21 Ill2d at page 474.)

■ ■ From a careful review of the evidence, we have concluded that there was ample evidence to submit the negligence issue to the jury. We believe that the jury could properly find that the defendant knew, or, in the exercise of ordinary care, should have known that the gravel was on its platform in the condition described by the witnesses. The defendant is a common carrier and it owned and maintained the platform

in the furtherance of its business. The evidence shows that due to bad weather the platform was covered with ice and snow during the week before the occurrence. It also appears that five days before the occurrence there was gravel on the platform which was spread as if by a shovel. It is common knowledge that this gravel is the type of material which is spread in inclement weather to prevent pedestrians from slipping on ice and snow. Further the evidence showed that the gravel was permitted to remain on the platform for several days prior to the occurrence and that it was still there on the day of the occurrence although the weather had cleared and the ice and snow had melted leaving the gravel distributed in a spotty, loose manner, and, in some places, in huge accumulations.

Jones v. Kroger Grocery & Baking Co., 273 Ill App 183, Schmelzel v. Kroger Grocery & Baking Co., 342 Ill App 501, 96 NE2d 885, and Wroblewski v. Hillman's, Inc., 43 Ill App2d 246, 193 NE2d 470, cited by defendant, are not controlling here. In those cases there was a complete absence of constructive notice or knowledge by the defendant of the presence of vegetable leaves on the premises and hence in those cases the court took the negligence issue from the jury. Likewise, Antibus v. W. T. Grant Co., 297 Ill App 363, 17 NE2d 610; Michelson v. Mandel Bros., Inc., 322 Ill App 691, 54 NE2d 646, and Davis v. South Side El. R. Co., 292 Ill 378, 127 NE 66, are inapposite on their facts. In those cases, the plaintiffs slipped on a banana skin or other slippery substance on the defendants' stairs and were injured. The courts in those cases, unlike the present case, could find no evidence to show either that the defendants had knowledge of the substances or that the substances had been on the stairs a sufficiently long time to charge the defendants with notice of them. Hence in those cases the courts

held that a directed verdict for the defendant was proper.

In our view, the negligence issue should have been submitted to the jury and the judgment of the Circuit Court which was entered on a directed verdict must be reversed and the cause remanded with directions to grant a new trial.

Reversed and remanded with directions.

MURPHY and KLUCZYNSKI, JJ., concur.