(No. 5037- ■■■■)

JAMES EDWARD HELTON, Claimant, *vs.* THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Respondent.

*Opinion filed November 9, 1965.*

R. W. HARRIS, Attorney for Claimant.

C. RICHARD GRUNY, Attorney for Respondent.

PERLIN, C. J.

Claimant, James Edward Helton, seeks recovery of $25,000.00 for injuries allegedly suffered on property used for a Southern Illinois University Camp for handicapped children.

Claimant contends that respondent failed to maintain the walkway leading to the Southern Illinois University Water Purification Plant at the Camp in a reasonable and suitable condition for pedestrian travel in that he fell on a rough, uneven and rocky portion of the walkway.

The testimony reveals that on the afternoon of July 9, 1960 claimant was fishing in a boat on Little Grassy Lake with George Twomey and his six year old son, Michael. Claimant was operating the boat when young Twomey complained of being thirsty. The father requested that the boat be turned into the Southern Illinois University Grassy Lake Camp site. The boat was landed near the shore, and one of the counselors who was patrolling pulled the boat to the shore line. Twomey testified that he asked if they could stop to get a drink of water: "I told her my son was very, very thirsty. I asked if we could get him a drink of water. She agreed to let him have a drink of water." The counselor then told Mr. Helton to "Come on and have a drink with everyone else."

Helton testified that he knew that Southern Illinois University leased and controlled the camp site for handicapped children. With the counselor leading the way, Twomey and his son walked side by side, and Helton followed. Twomey testified he heard a noise as Helton fell. They had been walking on a smooth asphalt path, which was slightly uphill. As Helton stepped off the asphalt path, apparently onto a secondary path, consisting of loose gravel with some rocks, both of his feet flew out from under him,

and he fell, breaking his ankle, for which injury he claims damage.

Donald R. Cross, Assistant Co-ordinator for Southern Illinois University, testified that he was working with the water purification facility in the summer of 1960. He stated that the purpose of conducting the camp for handicapped children was mainly for therapy, and that the counselors are student employees being trained as counselors. He further testified that the camp is not open to the public, and that the instructions to the staff and water front personnel are that no one is allowed on the beach area. There are signs posted at all beaches with 3 feet by 1 foot signs saying "Unauthorized personnel keep off." There was no drinking faucet or dipper at the water spigot of the filtration plant. Plant personnel would secure water by cupping their hand under it. No one was allowed at the plant, other than the personnel who operated it.

Claimant has already received $875.00 from respondent's liability insurer in consideration of which claimant's suit in the Circuit Court of Williamson County was dismissed, and claimant covenanted not to sue respondent, but reserved the right to proceed under the terms of the law governing actions before the Court of Claims.

In this case, the only alleged tort-feasor involved is Southern Illinois University. A covenant not to sue, while technically not a release, may be pleaded in bar of the cause of action to which it relates where it is made with a sole tort-feasor. (45 *Am. Jur., Release*, Sec. 3, 53 A.L.R. 1463.) Therefore, having covenanted not to sue respondent, its officers, agents or employees, or its liability insurer on account of the instant claim, the Court of Claims must question the propriety of permitting a claim in violation of such covenant.

Without regard to this question, however, it is the

Court's opinion in the instant case that liability has not been factually established.

An owner or occupant of lands who directly or impliedly invites others to enter for some purpose of interest or advantage to him owes to such persons a duty to use ordinary care to have his premises in a reasonably safe condition, but a permissive or bare licensee upon the property of another cannot recover for injuries sustained from defects, obstacles or pitfalls upon the premises except where such defects were caused by the active negligence of the owner or occupant. (38 *Am. Jur., Negligence,* Secs. 96, 105.) Claimant's contention that respondent was under a duty to exercise reasonable care towards him is without merit, since he was at most a mere licensee.

An invitee is a person who is invited or permitted to enter or remain on land for a *purpose of the occupier,* while a licensee is a person who is privileged to enter upon the land *by virtue of the possessor's consent.* (Prosser, Torts, Secs. 77, 78. Emphasis supplied.) This Court in the case of *Edith Burris* vs. *State of Illinois,* 24 C.C.R. 282, stated: "In the case of an invitee proof of ordinary negligence is necessary. In the case of a licensee, the burden of proof is upon claimant to prove respondent guilty of wilful and wanton misconduct."

The facts clearly demonstrate that claimant's status could not be that of an invitee, since he was on the property solely for the benefit of himself and the members of his party, and not for the benefit or purpose of Southern Illinois University, which had in fact posted signs to discourage "unauthorized personnel" from approaching the camp. Nowhere has claimant alleged that respondent set a trap for him or exposed him to danger recklessly or wantonly, nor is there any evidence of such conduct on the part of respondent. Therefore, claimant, as a licensee, was required to take

the premises as he found them. (*Dent* vs. *Great Atlantic and Pacific Tea Co.*, 4 Ill. App. 2d 500, 124 N.E. 2d 360 (1955).)

For the foregoing reasons, claimant is not entitled to recovery, and an award is hereby denied.