Vinita Mueller, Plaintiff-Appellant, v. Robert E. Kaiser,
d/b/a Kaiser Supply Company, Defendant-Appellee.

Gen. No. 10,743.

Fourth District.

September 8, 1966.

Rehearing denied September 29, 1966.

Bellatti, Fay & Bellatti, of Jacksonville (William L. Fay,
of counsel), for appellant.

Earl S. Hodges, of Springfield (Samuel C. Patton, of
counsel), for appellee.

SMITH, J.

Plaintiff sustained injuries in a fall over a Samsonite overnight case of another patron in defendant's store. The jury returned a verdict in the sum of $3,500. On motion, the trial court set aside the verdict and entered a judgment notwithstanding the verdict in favor of the defendant. From such judgment order, plaintiff appeals. The sole contention of the plaintiff is that this record presents a question of fact for the jury and not a question of law for the court.

Plaintiff entered the store from the south and made her way into the store along a rubber mat or runner. She did not see the Samsonite bag, 10–12″ x 6–8″ x 10–12″ until after her fall. She testified it was then about two feet to the east of her and about two feet east of the rubber runner or tread. Miss Fernandes who had called for her father at the store placed the bag some eight feet inside the door and 2–3 feet east of the edge of the mat about fifteen minutes before the accident. The store manager first observed the bag some 6–8 feet from the doorway and about 6–8 feet from the center of the runner. It is thus apparent that there is little dispute in the evidence and a clean-cut question either of fact or law is presented. Plaintiff's theory is that the bag was there long enough for the management to have constructive knowledge of its presence and a duty to remove it.

Plaintiff relies heavily on Garrett v. National Tea Co., 12 Ill2d 567, 147 NE2d 367, where it was held that a jury might properly find from the evidence that a box of canned goods was obstructing an aisle and had been there long enough for management to have seen and removed it. This case is readily distinguishable from the one at bar in the following respects: (a) The Samsonite bag apparently was not in the aisle and there is no testimony in the record from which the jury could so find, and (b) the so-called obstacle was not related to defendant's business,

was not placed there by the defendant, and was not a part of its operations. It strikes us as extremely doubtful that any person, looking at the placement of this Samsonite bag prior to the accident, would have regarded it as a hazard. It was of a size and color to be readily visible. It was not in the aisle or pathway. To stumble over it required a departure from the ordinary travel pattern of customers or invitees in the store. Even if it may be said that the management had ample time to see and to remove the bag, could a jury reasonably say that it was a hazard or an obstruction in a regularly traveled portion of the store or so situated that a reasonably prudent employee should have recognized a hazard to invitees? We think the trial court correctly concluded that it was not. In so holding, we can readily agree that the fifteen minutes time element is one ill suited for a rule of law, but is basically a jury question dependent upon the circumstances of each case.

We have previously stated the circumstances under which a motion for directed verdict or a judgment n. o. v. is proper. Ferguson v. Lounsberry, 58 Ill App2d 456, 207 NE2d 309. The facts here are well beyond the pale of any case cited to us. We are aware of the increasing willingness of the courts to accept less and less evidence of negligence or contributory negligence. Donoho v. O'Connell's, Inc., 13 Ill2d 113, 148 NE2d 434. Even so, "we firmly adhere to the rule that a storekeeper is not the insurer of his customer's safety. Liability must be founded on fault, and where, as here, there is no evidence, direct or inferential, of negligence by defendants in the maintenance of the store premises, liability may not be imposed." Olinger v. Great Atlantic & Pacific Tea Company, 21 Ill2d 469, 476, 173 NE2d 443, 446. In Olinger, there was no proof that the coldene on the floor was placed there by the defendant and there was, thus, no liability. Here the affirmative proof is that the Samsonite bag not

only was not connected with defendant's business, but was not even in his possession or control nor was it placed there by him. In addition, even had an employee noted the location of the bag, we think it would scarcely have reasonably alerted anyone to an existing customer hazard. To impose liability under such circumstances is to extend the duty of policing its store beyond the reasonable requirement of ordinary business.

In our judgment, the trial court properly entered a judgment n. o. v.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.