(No. 5175—)

LENA H. SCHAAB, Claimant, *vs.* TEACHERS COLLEGE BOARD, Respondent.

*Opinion filed June 28, 1968.*

LAUDEMAN AND ROLLEY, Attorneys for Claimant.

DUNN, DUNN, BRADY, GOEBEL, ULBRICH AND HAYES, Attorneys for Teachers College Board.

DOVE, J.

Claimant, Lena H. Schaab, seeks to recover for personal injuries sustained by claimant resulting from a fall on August 9, 1963 about 2:00 P.M. while walking up a flight of steps at the Horton Field House on the campus of Illinois State University at Normal where claimant had gone with her daughter-in-law and two grandchildren to attend the graduation ceremony for her son. Claimant was 75 years of age, and by reason of her fall sustained permanent injuries to her right arm.

Claimant testified as follows: "I went there that afternoon with my daughter-in-law because her husband, my son, was going to graduate for his Masters. The steps were cement with little pebbles laying on them. I was up to the last one. My son's wife and her two children were ahead of me. When I reached the last step I fell. I just remember that I was falling forward onto the steps. I did not roll off the steps, but stayed there until they picked me up. I was about in the center of the steps, not on the edge. There were no rail-

ings. They put them up later. There were little pebbles there, that is all I remember. The pebbles were on all of the steps. I didn't collide with anyone else on the steps. The weather was clear, and the steps were dry. I had never been at the Field House or on those steps before. I have fallen a few times before. I have fallen on other occasions in my life time, but there was always something that made me fall. The doctor told me I fell this last time because I didn't get sufficient blood in my head. He said that the reason I fall once in awhile like that is because the blood doesn't circulate right. One evening I walked out in the driveway and fell. I don't know what made me fall. On this particular occasion at the University I didn't trip on the steps. I didn't trip over anything.''

Claimant contends, as part of providing safe passage on sidewalks and up and down the steps, railings should have been installed. The evidence discloses that railings were subsequently installed by respondent, but we are of the opinion that there was no duty on the part of respondent to place railings on the steps. We are further of the opinion that the answer to claimant's fall is evident from her own testimony, as above stated. Claimant testified that she had fallen on other occasions for no apparent reason, and that her doctor had told her that the fall in question occurred ''because she did not get sufficient blood to her head.''

For claimant to recover she must prove:

1. That she was in the exercise of due care and caution for her own safety.

2. That the State of Illinois was negligent as charged in the complaint.

3. That the negligence of the State of Illinois was the proximate cause of her injuries.

It is well settled that one who owns or is in control of property is not an insurer of the safety of an invitee, and that this particular rule applies to premises to which the public is invited. *Thoele* vs. *Mazel*, 8 Ill. App. 2d 237; *Dietz* vs. *Belleville Co-op Grain Co.*, 273 Ill. App. 164.

Claimant has failed to sustain the burden of proof, and an award is, therefore, denied.