(No. 82-CC-0809—

Rosa and Albert Lucht, Claimants, v. The State of Illinois, Respondent.

*Opinion filed October 3, 1983.*

Jefferson Lewis and Nolan Lipsky, for Claimants.

Neil F. Hartigan, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause, Rosa Lucht, was a member of a car pool which brought her and several employees of the Department of Revenue to Springfield, Illinois. Claimant was not an employee of the State of Illinois but she worked in a position approximately four blocks from where the accident occurred. She was employed as a secretary by United Cerebral Palsy.

This car pool had been in existence for some time and it was a well-established routine for them to park in the Department of Revenue parking lot in Springfield. On the day in question, they left their point of origin approximately 15 minutes earlier than usual because it had sleeted during the night and everything was covered with snow and ice, resulting in very slick roads and other places where ice had accumulated.

On the morning in question, Claimant testified to the fact that the roads were icy and the parking lot was both snowy and icy. Claimant, on the day in question, got out of the vehicle and walked approximately 10 feet, at which point she slipped and fell upon an accumulation of ice and snow on the surface of the parking lot. This is an area in which the Claimant was familiar since it was the customary point of discharge for the passengers in

the car. Most of the passengers worked for the State of Illinois in the immediate area.

It is Claimant's contention that the parking lot in question contained rough spots on the pavement because of the potholes thereon. Claimant was wearing snow boots because of weather conditions. She did not request that the driver of the car take her the four blocks to her place of employment, but she got out of the car as usual in an area she was familiar with, knowing that the sleet storm had caused an accumulation of ice and snow.

When Claimant fell, she cracked her left wrist and was unable to return to work for approximately six weeks.

It is Claimant's contention that the Respondent was negligent in the maintenance of the area in which the accident occurred. It is her further contention that she was an invitee and that the State negligently and carelessly permitted the parking lot to be maintained in a dangerous and unsafe condition without giving warning of these conditions. This was despite the fact that Claimant was familiar with the area and conversant of the fact that this was a sleety, icy and snowy morning.

Claimant relies on the case of *Dietz v. Bellville Co-op Grain Co.* (1933), 273 Ill. App. 164. She contends that by being in the company of Department of Revenue employees at the time of her accident, Claimant acquired invitee status. The *Dietz* case holds that "it is the duty of persons who invite others upon their premises to keep such premises in a reasonably safe condition so that the invitees will not be injured by reason of any unsafe condition of the premises, yet the law does not make the owners of premises insurers of persons thereon." (273 Ill. App. 164, 167.) By merely being in the presence of

employees of the State of Illinois does not make Claimant an invitee and, in any event, the State of Illinois is not an insurer of persons upon its premises.

In the case of *Helton v. Board of Trustees of Southern Illinois University* (1965), 25 Ill. Ct. Cl. 238, 241, the Court held that "an invitee is a person who is invited or permitted to enter or remain on land for a purpose of the occupier . . ." Certainly Claimant was not there for any purpose of the occupier in this instance, but as a matter of convenience for herself. The *Helton* case also held that "where evidence disclosed that Claimant was merely a licensee, he was required to take the premises as he found them, and in order to recover must prove Respondent guilty of wilful and wanton misconduct." Certainly wilful or wanton misconduct is not shown in the present case, and the State of Illinois cannot be held liable for sleet that accumulated the night before.

Even if Mrs. Lucht had been an invitee, Claimants must still prove Respondent guilty of ordinary negligence. Claimants base their argument on what they perceive to be the Respondent's duty to warn Mrs. Lucht of the icy conditions in the parking lot. The Court finds this argument unpersuasive for the following reasons. First, the Illinois appellate court has ruled that a property owner is not liable for a business invitee's fall and consequent injury in an icy parking lot maintained by the property owner for the use of its customers, where the condition is a natural one and not caused or aggravated by the property owner. (*Anderson v. David Development Corp.* (1968), 99 Ill. App. 2d 55, 241 N.E.2d 222.) The Court does not mention a duty to warn as a basis for liability under these circumstances.

In *Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 372 N.E.2d 822), the Illinois Supreme Court stated

that notice by the defendant of the icy condition was necessary to establish a duty to warn. In *Lansing*, the period of time between the plaintiff's accident and the snowfall was three days. The Court stated that this brief period of time was not sufficient to establish a presumption of notice. In the case at bar, the period of time that had elapsed between the ice storm and Mrs. Lucht's accident was even shorter.

Second, Mrs. Lucht testified that she noticed while riding to work that the roads were slick. Mrs. Lucht and her companions had left for work approximately 15 minutes early due to these weather conditions. It is obvious from this testimony that Mrs. Lucht had knowledge of the icy conditions. Considering this, a warning by Respondent would have served no purpose. Mrs. Lucht requested to be let out at the Department of Revenue's parking lot although she was not an employee of the Department. Her place of employment was approximately four blocks away. Given her knowledge of the icy conditions, it would seem that Mrs. Lucht had assumed the risk involved in walking from the parking lot to her place of employment rather than requesting to be dropped at her office.

To require the State to remove the snow and ice that had accumulated a few hours before the accident would put the State in the position of being an insurer. This Court has repeatedly held that the State of Illinois is not an insurer of persons who use its facilities. In *Levy v. State of Illinois* (1958), 22 Ill. Ct. Cl. 694, 699, the Court held that "Respondent is not liable for injuries resulting from the natural accumulation of snow and ice, and would be under no obligation to clear the walks in the first instance. By clearing them, Respondent was performing a gratuitous service, and, hence, would not be

liable unless a dangerous condition was evidence of gross negligence."

The record shows Claimant was familiar with the area in question and, instead of asking to be dropped off at her place of employment approximately four blocks away, she voluntarily got out of the car at the parking lot knowing of the icy and snowy conditions. She had full knowledge of the weather conditions and no notice by the Respondent could have emphasized the condition of the parking lot any more than the knowledge she already had.

Claimants having failed in their duty to establish their cause by a preponderance of the evidence, award is denied and this claim is dismissed.